IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMA DIOP,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF MARIN, et al.,<br><br>    Defendants.<br>_____/ | No. C-12-6332-EDL<br><br>**REPORT AND RECOMMENDATION RE: APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISS WITHOUT PREJUDICE** |

Plaintif Rama Diop filed her complaint and Application to Proceed In Forma Pauperis on December 12, 2012. Because all parties have not consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c), the Court issues this Report and Recommendation and will reassign the case to a district judge. For the reasons set forth below, the Court recommends granting Plaintiff's application to proceed in forma pauperis and dismissing Plaintiff's complaint without prejudice.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action or that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). In making this determination, the Court assesses the factual and legal basis of the asserted wrong, "however inartfully pleaded," to determine whether a basis for federal jurisdiction exists. See Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "A court may dismiss as frivolous complaints reciting bare legal conclusions with no

suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." Id. (citing Taylor v. Gibson, 529 F.2d 709, 717 (5th Cir.1976)). In evaluating whether a claim has been stated, courts examine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949 (internal quotation marks omitted), 1950. That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id. at 324.

Plaintiff's Application to Proceed In Forma Pauperis adequately alleges Plaintiff's poverty. Plaintiff states that she is not employed, receives social security benefits for child support, and has $100 in the bank. Her expenses exceed her nominal income. Because Plaintiff qualifies for In Forma Pauperis status, her Application should be granted.

However, under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that is frivolous or fails to state a claim upon which relief may be granted. Plaintiff's complaint is generally difficult to comprehend but appears to allege that Defendants – consisting of various divisions of city and county government and individual employees, as well as other non-governmental individuals – committed some violation of her state and federal constitutional rights including wrongful imprisonment, false arrest, discrimination and human rights violations, as well as various torts including defamation, slander, fraud and misrepresentation, intentional infliction of emotional distress, conspiracy, malicious prosecution, obstruction of justice, abuse of process and deprivation of his right to adequate representation. However, the allegations supporting these claims are conclusory and do not permit the Court to infer more than the mere possibility of misconduct. For example, Plaintiff alleges that various judges, commissioners and referees violated her rights, issued unfavorable decisions, acted despite conflicts of interest, and conspired against her due to some bias but does not adequately state the underlying basis for these bare bones allegations and legal

conclusions. Additionally, it appears that much of Plaintiff's complaint is based on her disagreement with the decisions of other tribunals which this court has no authority to review and/or for which the decision-makers are immune.

With respect to her discrimination claim, it appears to be based on "race and indigence" (Compl. at 10) but Plaintiff does not allege what her race is or how this impacted her interaction with any Defendant. She also appears to allege racial profiling and selective enforcement of a statute on the basis of race, but again, fails to allege her own race or how race was a factor in her treatment by Defendants. Compl. at 20. Regarding her defamation and slander claims, Plaintiff appears to allege that one or more Defendants have falsely accused her of neglect and making anti-Semitic comments, but it is unclear where and when these allegedly defamatory statements took place. Plaintiff makes an ineffective assistance of counsel claim but it is unclear whether her allegations relate to her own attorney in a prior proceeding or to an attorney representing Marin County. Compl. at 12-13.

Plaintiff also appears to be attempting to allege a Brady violation based on her belief that Marin County counsel concealed the fact that prosecutors had voluntarily dismissed a criminal action against Plaintiff. Compl. at 13. Plaintiffs may, in the Ninth Circuit, seek civil remedies for Brady violations. See Tennison v. City & County of San Francisco, 570 F.3d 1078 (9th Cir. 2009). However, Plaintiff appears to allege a failure to reveal exculpatory information in a civil case, not a criminal one. Plaintiff alleges violations of due process but with insufficient information about which of Plaintiff's due process rights were violated. Plaintiff also alleges intentional infliction of emotional distress in connection with her son being removed from her care for two months, but this allegation is conclusory and does not state a claim against any particular Defendant.

With respect to all of her claims, it is unclear which claims she asserts against which Defendants. This should be made clear in any amended pleading. Because Plaintiff has failed to adequately state a claim against any Defendant, but it appears that there is some possibility t6hat she could amend her complaint to state a claim, the Court recommends dismissing Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

3

72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: January 14, 2013

ELIZABETH D. LAPORTE
United States Magistrate Judge

4