IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAMA DIOP,

    Plaintiff,

  v.

COUNTY OF MARIN, ET AL.

    Defendants.

No. C 12-06332 JSW

**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**

     This matter comes before the Court upon consideration of Plaintiff's Second Amended Complaint. Plaintiff is proceeding *pro se*, and the Court granted her motion to proceed *in forma pauperis.* Under 28 U.S.C. Section 1915(e)(2)(B), the Court is required to dismiss an action that is frivolous or fails to state a claim.

     On August 16, 2013, Judge Phyllis J. Hamilton issued an Order dismissing Plaintiff's First Amended Complaint for failure to state a claim, ordered that this matter be transferred to the San Francisco division, and directed Plaintiff to file an amended complaint by September 18, 2013. The matter was then reassigned to this Court.

     Federal Rule of Civil Procedure 8 ("Rule 8") requires plaintiffs to "plead a short and plain statement of the elements of his or her claim." *Bautista v. Los Angeles County,* 216 F.3d 837, 840 (9th Cir. 2000). Rule 8 requires each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a). *McHenry v. Renne,* 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996); *see*

*also Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was " 'verbose, confusing and almost entirely conclusory' "). "Something labeled a complaint but ... prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint," and "impose[s] unfair burdens on litigants and judges." *McHenry,* 84 F.3d at 1179-80.

A complaint that fails to comply with Rule 8 may be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry* 84 F.3d at 1179. Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. *Id*. at 1178.

Plaintiff's Second Amended Complaint comprises 62 pages of single spaced allegations, and she has attached voluminous exhibits in support of her allegations. Plaintiff has attempted to comply with the prior orders that required her to separate each cause of action into separate paragraphs, and she has attempted to clarify which causes of action are asserted against each Defendant. However, in her efforts to set forth more than conclusory allegations, Plaintiff has failed to plead a short and plain statement of her claims. Once again, although Plaintiff includes allegations that various judges, commissioners and referees violated her rights, issued unfavorable decisions, and conspired against her, it is impossible for the Court to discern whether it has jurisdiction over many of these claims or whether Plaintiffs' claims would be barred based on doctrines of immunity. Accordingly, the Court DISMISSES, WITHOUT PREJUDICE, the Second Amended Complaint.

The Court shall give Plaintiff one final opportunity to file a complaint, which complies with Rule 8, and which clearly and concisely sets forth the factual allegations supporting her claims. It is FURTHER ORDERED that if Plaintiff files a third amended complaint, she shall:

1. Identify all named defendants in the caption of the third amended complaint.

2. Plaintiff shall separate her factual allegations by paragraphs and shall use paragraph numbers throughout the third amended complaint.

3. Plaintiff shall include a section that sets forth the basis on which she contends this Court has jurisdiction.

4. Plaintiff shall include a separate section that identifies, by separate paragraph, each and every person or entity who is a named defendant in the case.

5. As in her Second Amended Complaint, Plaintiff shall clearly label each cause of action she asserts and clearly specify which defendants are named in that cause of action.

Plaintiff shall file the third amended complaint permitted by this Order by no later than January 31, 2014. If Plaintiff fails to file a third amended complaint by that date, the Court shall dismiss this case with prejudice.

Finally, the Court once again HEREBY ADVISES Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court also advises Plaintiff that she also may wish to seek assistance from the Legal Help Center. Plaintiff may call the Legal Help Center at 415-782-8982 or sign up on the 15th Floor of the Courthouse, Room 2796, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: December 17, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAMA DIOP,

        Plaintiff,

  v.

COUNTY OF MARINE et al,

        Defendant.

Case Number: CV12-06332 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 17, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rama Diop
527 Hillside Avenue
Mill Valley, CA 94941

Dated: December 17, 2013

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk