

1  RAMA DIOP
   527 Hillside Avenue
2  Mill Valley, CA 94941
   (415) 755-8485
3
   Pro Se Plaintiff
4

5                  UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
6

7
   RAMA DIOP,                        )  Case No.: CV 12-06332 JSW
8            Plaintiff,              )
       vs.                           )  CONTINUOUS CIVIL RIGHTS
9  COUNTY OF MARIN, ET Al,           )  VIOLATIONS OF STATUTORY AND
   BOARD OF SUPERVISORS              )  CONSTITUTIONAL RIGHTS 42 U.S.C.
10 MARIN COUNTY HEALTH AND HUMAN     )  $$1983, 1985, and 1986, 5th and
   SERVICES, ET AL                   )  14th AMENDMENTS, CALIFORNIA
11 (Larry Meredith; Heather Ravani;  )  CONSTITUTION ARTICLE I $7(A),
   Jo McCormack; Hadar Hartshorn;    )  DEFAMATIONS, SLANDERS, WRONGFUL
12 Thereza Higuera;                  )  IMPRISONMENTS, FALSE ARREST, LACK
                                        OF JURISDICTION, DUE PROCESS
13                                      VIOLATIONS, WRONGFUL INTERFERENCE
   CITY OF MILL VALLEY, ET AL           WITH ECONOMIC ADVANTAGE, FRAUDS,
14 MILL VALLEY POLICE, ET AL            MALICES, OPPRESSIONS, INTENTIONAL
   VARIOUS GOVERNMENTAL AGENTS,         INFLICTIONS OF EMOTIONAL
15 OFFICERS, EMPLOYEES, ET AL           DISTRESS, TORTS, HUMAN RIGHTS
   (Michael Lane; Scott Brooks;         VIOLATIONS, HARASSMENTS, CIVIL
16 David Kollerer)                       CONSPIRACIES TO DEPRIVE OF CIVIL
                                        RIGHTS, DISCRIMINATION UNDER
17                                      COLOR OF LAW, EQUITABLE RELIEFS:
   MARIN COUNTY SUPERIOR COURT, ET      DECLARATORY AND INJUNCTIVE
18 AL (Lynn Duryee; Alexandra Quam;     RELIEFS, DAMAGES, MALICIOUS
   Verna Adams; Beverly Wood; Gloria    PROSECUTIONS, SLAPP,
19 Wu; Roy Chernus; Kim Turner)         ABUSE OF PROCESS,
                                        INTENTIONAL MISREPRESENTATIONS,
20                                      CONCEALMENTS, ASSAULTS,
   MARIN COUNTY BAR ASSOCIATION         BATTERIES, OBSTRUCTIONS OF
21 (Beth Jordan; Alexandra Quam,        JUSTICE, ABUSES OF PROCESS,
   Tracy Barrett); Pending              INEFFECTIVE ASSISTANCE OF
22 Amendment: Don A. Lesser; Russell    COUNSEL, DEPRIVATION OF RIGHT TO
   K. Marne; Stuart Gilliam; Thomas     ADEQUATE REPRESENTATION AND
23 Gellini; AAA Insurance)              APPELLATE ATTORNEY
                                        PERJURY FRAUD ON THE COURT,
24                                      OBSTRUCTION OF JUSTICE,
   RICHARD MEREDITH OWENS              DEPRIVATION OF REPRESENTATION
25
                                       JURY TRIAL REQUESTED
26
   _____
27

28
   _____
   Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
   Stay of All Actions pending change of venue outside of Marin County upon filing
   of third Amended Complaint including other Defendants - CV 12-06332 JSW
                                       1

1  PRELIMINARY MATTERS

2  To each party and to Counsels of Record for each party: As a
3  preliminary matter, this Pro Se litigant respectfully requests that
   the court takes judicial notice of the following:

4         Pleadings in this□case are being filed by Plaintiff In Propria
5         Persona, wherein pleadings are□to be considered without regard
          to technicalities. Propria, pleadings are□not to be held to
6         the same high standards of perfection as practicing□lawyers.
          See Haines v. Kerner 92 Sct 594, also See Power 914 F2d 1459
7         (11th□Cir1990), also See Hulsey v. Ownes 63 F3d 354 (5th Cir
          1995). also See In□Re: HALL v. BELLMON 935 F.2d 1106 (10th
8         Cir. 1991)."

9         DIOP respectfully moves this court for a continuance of the
10 amended filing deadline in order to allow her to do more research
   and to brief the court in a manner that would assuage its lack of
11 understanding about DIOP's complaint. Due to the complexity of the
   case, DIOP does not relinquish her constitutional right to fair and
12 adequate representation especially given the imbalanced legal
13 arena. Defendants have access to City and County Counsels, or
   private attorneys while Plaintiff does not have the financial
14 resources yet to retain able counsel. DIOP appreciates the court's
   earlier extension and has taken note of the court's directions.
15 However, DIOP's financial status requires the assistance of a pro
16 bono or contingency lawyer, which is harder to come by.

17        DIOP endeavored to seek self-help legal assistance through
   (415) 782-9000 EXT 8657 according to the flyer (**EXHIBIT 1**). DIOP
18 received no answer and then was referred to the legal referral
   service (415) 989-1616, where Julian (sic) the female clerk said
19 had little to no help in civil matters excluding federal cases. It
20 is only on the last week that DIOP was able to find the self help
   lawyers that the court alluded to upon visiting the clerk's office
21 and wrongfully getting on the 15th floor where Diop discovered the
   legal self help center and took appointment this week. DIOP
22 incidentally noted that a different flyer was available with
23 updated numbers of the self-help office (**EXHIBIT 2**). Unfortunately,
   as DIOP prepared to head to the center to obtain counsel, she was
24 advised that the staff had an inconvenience and to not come to the
   appointment. Based on all these delays, DIOP respectfully requests
25 an extension to try at best to obtain legal assistance to clarify
26 her complaint in accordance with the court's guidelines and
   recommendations.

27

28
   _____
   Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
   Stay of All Actions pending change of venue outside of Marin County upon filing
   of third Amended Complaint including other Defendants - CV 12-06332 JSW

As DIOP is still recovering from recurring cardiac issues upon being exposed to the flu and back pains, arthritis, and ovarian cyst causing severe cramps that hinder long sitting periods for the purpose of researching and redrafting this complaint. Additionally, DIOP had been attending to her son over the winter break owing to OWENS'S out of State illegal travel plans and the child's subsequent influenza that kept him out of school for a week. This spanned from late December into January 13. Plaintiff also experienced severe allergies and sneezing that worsened her stiff neck. DIOP reiterates her need for legal assistance given the emotional toll that stems merely from revisiting the series of horrendous abuses that she had endured over the years.

In the interim, DIOP reincorporates by reference the pertinent laws that she ran across as stated by an attorney's qualified perspective regarding family law issue in 13cv 1944 CAB SOUTHERN DISTRICT OF CALIFORNIA (BLM) for its highly pertinent points and laws relevant to DIOP's present complaint. This also suggests that DIOP's case present additional causes of actions such as RICO and know or DOES Defendants that she attempt to highlight briefly in this draft but which will require a separate complaint for clarity. In an effort to make iterations DIOP may have overlooked previously stated facts or causes of actions or Defendants. This is inadvertant and henceforth, Diop reicorporates as though fully set all allegation of earlier complaint drafts; all causes of actions to each other; and pertinent allegations of related civil case civ 085835 and F1064080 or other cases involving the parties or actions.

1.   PARTIES IN THIS COMPLAINT

A.   PLAINTIFF

Name:      RAMA DIOP (DIOP)
Address:   527 Hillside Avenue, Mill Valley, CA 94941
Phone:     (415) 755-8485

b.   DEFENDANTS

COUNTY OF MARIN, ET Al,

BOARD OF SUPERVISORS OF THE COUNTY OF MARIN

MARIN COUNTY HEALTH AND HUMAN SERVICES, ET AL

Defendant County of Marin (COM) is a municipal entity existing within and doing business as the County of Marin within the

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

3

1 District. The County operates the facilities, and certain services
for the Marin County Superior Court, the Mil Valley Police, and the
2 Marin County Health and Human Services, creates, implements customs
and practices administered by County Judicial Officers,
3 administrators, staff; provides professional legal services and
4 advice to the citizens of Marin County, including services related
to the practice of "family law" - divorce and paternity, custody and
5 visitation, child support, domestic violence, restraining orders,
self-help services, frequently asked questions, form selection and
6 advice, and public information regarding court fees, rules,
7 locations, calendars, and proceedings, Social Workers and their
Superiors acting under the Children and Family Services subdivision
8 of the Marin County Health and Human Services.

9

10 DEFENDANT 4:      LARRY MEREDITH
                   HEATHER RAVANI
11                 JO McCORMACK
                   EDWARD KIERNAN
12                 MICHELE KENO
                   HADAR HARTSHORN
13                 MARIA AFFINITO
14 Address:        3250 Kerner Boulevard
                   San Rafael, CA -------

15

16

17 CITY OF MILL VALLEY, ET AL

18 The City of Mill Valley (CMV), administers, prepares, and implements
all policies, practices, procedures, and operations of all Mill
19 Valley Police Department Facilities, including policies, and
procedures regarding protection of people and enforcement of laws
20 and is responsible for the officers actions.

21
MILL VALLEY POLICE DEPARTMENT, ET AL
22

23 Defendant 1:     MICHAEL LANE, Officer
                   MICHAEL LANE, Individually
24                 SCOTT BROOKS, Officer
                   SCOTT BROOKS, Individually
25                 DAVID KOLLERER, Officer
                   DAVID KOLLERER, Individually
26                 PAUL WRAPP, Sergent
                   PAUL WRAPP, Individually
27                 LANE C. MILDE, through his supervisors
28

Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
4

1    STEVEN HEISINGER, through his supervisors
     DOES ASSISTING OFFICERS, through their supervisors
2    LINDSAY HAYNES, though her supervisors
     NEW OFFICER, through his supervisors

3

4    Address:      1 Hamilton Dr. Mill Valley, CA 94941

5

6    ADMINISTRATION OF THE COURTS

7
     Marin County Superior Court is part of a network of county courts
8    governed by a 27-member Judicial Council led by Ms. Tani Cantil-
     Sakauye, Chief Justice, California Supreme Court. the Judicial
9    Council is the policy-making body of the California Courts and is
     responsible for ensuring the consistent, independent, impartial and
10   accessible administration of justice. The Administrative Office of
11   the Court (AOC) is the support staff of the Judicial Council.

12

13   MARIN COUNTY SUPERIOR COURT, ET AL

14   Defendant Marin County Superior Court (MCSC)is a municipal entity
     chartered under and doing business in the County of San Diego. In
15   conjunction with the County, Marin County Superior Court operates
     facilities and judicial services, creates and implements judicial
16   policies,customs,, and practices administered by judicial officers,
     administrators, and staff, and provides professional legal services
17   and advice to the citizens of Marin County, including services
18   related to the practice of "family law" - divorce and paternity,
     custody and visitation, child support, domestic violence,
19   restraining orders, self-help services, frequently asked questions,
     form selection and advice, and public information regarding court
20   fees, rules, locations, calendars, and proceedings, Social Workers
21   and their Superiors acting under the Children and Family Services
     subdivision of the Marin County Health and Human Services.

22

23   Defendant 1:    BEVERLY WOOD Commissioner/Judge
                     BEVERLY WOOD, Individually
24   Address:        3501 Civic Center Drive, Dept. O
25                   San Rafael, CA 94903

26   Defendant 2:    LYNN DURYEE, Judge
                     Lynn Duryee, Individually
27   Address:        3501 Civic Center Drive, Dept. ---

28
     Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
     Stay of All Actions pending change of venue outside of Marin County upon filing
     of third Amended Complaint including other Defendants - CV 12-06332 JSW
     5

1               San Rafael, CA 94903

2  Defendant 3:    VERNA A. ADAMS, Judge
                   VERNA A. ADAMS, Individually
3  Address:        3501 Civic Center Drive, Dept. ---
4                  San Rafael, CA 94903

5  DEFENDANT 4:    ROY CHERNUS, Judge
                   ROY CHERNUS, Individually
6  Address:        3501 Civic Center Drive, Dept. B
7                  San Rafael, CA 94903

8  DEFENDANT 5:    ALEXANDRA QUAM, Family Law Facilitator
                   ALEXANDRA QUAM, Individually
9  Address:        3501 Civic Center Drive, Room ----
10                 San Rafael, CA 94903

11 DEFENDANT 6:    KIM TURNER,
                   KIM TURNER, Individually
12 Address:        3501 Civic Center Drive, Room 113
13                 San Rafael, CA 94903

14 DEFENDANT 7:    GLORIA WU, Family Court Services Mediator
                   GLORIA WU, Individually
15 Address:        3501 Civic Center Drive, Room 116
16                 San Rafael, CA 94903

17 MARIN COUNTY BAR ASSOCIATION

18 DEFENDANT --:   ALEXANDRA QUAM
19 Address:

20 DEFENDANT --:   TRACY BARRETT
21 Address:

22 DEPARTMENT OF JUSTICE

23 KAMALA HARRIS, Attorney General, the State Law Officer ensures that
24 the laws of the state are uniformly and adequately enforced, heads
   the department of Justice, which is responsible for providing state
25 legal services and support for law enforcement. Acts as the chief
   counsel in state litigation, oversees law enforcement agencies
26 including District Attorneys and Sheriff.

27 MARIN COUNTY DISTRICT ATTORNEY

28
   Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
   Stay of All Actions pending change of venue outside of Marin County upon filing
   of third Amended Complaint including other Defendants - CV 12-06332 JSW
                                    6

1  DEFENDANT --:  ED BERBERIAN
   Address:        35 Civic Center Drive, Room 120
2                  San Rafael, CA 94903

3  DEFENDANT --:  RICHARD MEREDITH OWENS
4  Address:        50 Country Club Drive, Mill Valley, CA 94941

5  MCBA PROPOSED ADDITIONAL DEFENDANTS UPON LEAVE OF COURT TO AMEND

6  DEFENDANT --:  BETH JORDAN (Proposed addition on Leave of Court)
7  Address:

8  DEFENDANT --:  LAW OFFICES OF DON A. LESSER
                  DON A. LESSER
9  Address:

10 DEFENDANT --:  AAA INSURANCE THROUGH BENNET, ------
11                 STUART GILLIAM
                  THOMAS GELINI
12 Address:

13 DEFENDANT --:  LAW OFFICES OF RUSSELL K. MARNE
                  RUSSELL MARNE
14 Address:

15

16 ADDITIONAL DOES DEFENDANTS
17      DIOP asserts that various facts stated herein constitute causes
   of actions for Civil Racketeering Counts under U.S.C. 18 $1962(c),
18 (d), based upon Defendants' participation, ownership, whose
   affiliation with one or more criminal enterprises as that term is
19 defined under 1964 (c). DIOP has identified various enterprises,
   which she plans to elaborate on based on contiguous pleading unless
20 the court gives to DIOP leave to amend to include additional causes
   of actions and parties based on all or part of causes of actions
21 cited herein or to be added to the present complaint.
22      Defendants acted under color of statutes, regulations,
   customers, and usage of the State of California, County of Marin,
23 and or City of Mill Valley, and pursuant to the official  policies
   thereof, except as otherwise alleged.
24      Each Defendant was the agent, associate, affiliate, co-
25 conspirator, superior and or employee of each other Defendant and
   was acting within the course, scope, purpose of such relationship in
26 each act ascribed to them herein, except as otherwise alleged.

27

28 ──────────────────────────────────────────────────────────────────
   Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
   Stay of All Actions pending change of venue outside of Marin County upon filing
   of third Amended Complaint including other Defendants - CV 12-06332 JSW
                                    7

1   Various other DOES will be identify individually and/or in their
    professional capacity to prevent and or discipline their subordinate
2   employees and or agencies.
    DIOP reincorporates by reference all pertinent causes of actions
3   cited in her civil complaint CIV085835. DIOP did not include the
4   DOES then in hopes that OWENS's actions were remote acts based on
    his perjury, misleading various other entities. However, the other
5   DOES, thorugh their lethargic, discriminatory, defamatory,
    retaliatory, and corrupted acts caused DIOP to be subject to
6   additional harm and are therefore responsible individually and/or in
7   their professional capacity.
    In the interest of drafting a more concise and succint
8   statement that the court requested, it is possible that DIOP
    overlooks or omits additional facts. Hence, DIOP reincorporates by
9   reference all her allegations previously filed with the court and
    incorporatees each of the paragraphs of the present complaint to
10  each cause of action in order to avoid repetitions and seek
11  permission to rename causes of actions pursuant to legal names.

12

13      2.   JURISDICTION (ADDITIONAL PENDING REDRAFTING)

14      My case belongs in federal court under federal question

15  jurisdiction because it is about federal law(s) or right(s).

16  This court has jurisdiction pursuant to the following statutes:

17  A: Federal Question jurisdiction: Title 28 United States Code §1331;

18  B: Federal Regulation of Commerce Jurisdiction; Title United States
19  Code §1337;

20  C: Federal Supplemental Jurisdiction Title 28 United States Code §
21  1367(a)-(b);

22  Federal Declaratory Judgment Act of 1946: Title 28 United States
    Code §§ 2201-2202;
23

24  Section 1964 (a) of the Racketeer Influenced and Corrupt
25
    Organizations Act of 1970 ("RICO") Title 18 United States Code §§
26  1964(a),(b), (c), and (d);

27  RICO 18 U.S.C. §1965(a), (b), and (d); and

28
    Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
    Stay of All Actions pending change of venue outside of Marin County upon filing
    of third Amended Complaint including other Defendants - CV 12-06332 JSW
    8

Rules 57 and 65 of the Federal Rules of Civil Procedure; and

The general legal and equitable powers of this Court

Protection against the continuous violation of 5th and 14th Amendments "to prevent the government from abusing [its] power, or employing it as an instrument of oppression, [due process and equal protection challenges to inadequate police response in domestic violence situations]; 159 A.L.R. Fed 37 [State-created Danger," or Similar Theory, as Basis for Civil Rights Actions under 42 U.S.C., §1983]; on what constitutes state action, see infra, §619 et seq.)

Under §619, "State action prohibited by the Fourteenth Amendment ... May be executive or judicial action.

"Notice is fundamental to due process: " Engrained in our concept of Due Process is the requirement of notice. Notice is sometimes essential so that the citizen has the chance to defend charges. Notice is required before property interests are disturbed, before assessments are made, before penalties are assessed. Notice is required in a myriad of situations where a penalty or forfeiture might be suffered for mere failure to act." ( Lambert v. California (1957) 355 U.S. 255, 78 S.Ct. 240, 243, 2 L.Ed.2d 228, 231).

under 42 U.S.C. $$1983, 1985, and 1986. The court has jurisdiction under 28 U.S.C. §§1343 and 1367

Federal Disqualification under 28 U.S.C. § 455

Appendix Code of Conduct for United States Judges (Effective July 1, 2009)

(ADDITIONAL JURISDICTION TO BE DETERMINED UPON ATTORNEY REVIEW)

    3.   VENUE

Venue is proper under.U.S.C. §1391(b) as one or more Defendants are located or reside in this District, and a substantial part of the events and omissions giving rise to DIOP's claims occurred in this District. second issue is the "interest-of-□justice" standard under 28 USCA 1406.

    4.   INTRADISTRICT ASSIGNMENT
This lawsuit is assigned to San Francisco out of convenience.

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

9

1    5.    STATEMENT OF FACTS AND CLAIMS

2    This case stems from the false accusation of domestic violence
     from Richard Meredith Owens (OWENS). The Mill Valley Police
3    Department (MVPD) arrested DIOP despite being privy to OWENS's
4    admittedly false police reports when  DIOP called 911 for
     assistance. The Marin County District Attorney (MCDA) failed to
5    prosecute OWENS for multiple counts of Misdemeanor PC 148.5 (EXHIBIT
     ---). This lethargy turns out to miror a systemic judicial approach
6    to condone OWENS's multiple ensuing crimes and  to "shoot the
7    messenger."
     DIOP regained legal access to the family residence just to have
8    a threat from MVPD of Citizen's arrest without probable cause
     (EXHIBIT 30). Once out of the residence under durress, MVPD
9    suggested to OWENS to lock out DIOP and refused to allow her
     reentry. MVPD prejudicially side with OWENS who stated that he would
10   "do whatever it takes" to evict DIOP, without care to violating
11   DIOP's civil rights (EXHIBIT 33         ).
     OWENS lied to illegally evict DIOP from the family residence to
12   circumvent proper eviction because OWENS stated that Officer Michael
     Lane (LANE) contiguously suggested to OWENS to get a restraining
13   order without any fear of violence (EXHIBIT---). OWENS hatched a
14   plan to depict DIOP as the criminal when she called 911 against his
     assaults at the family residence.
15   DIOP resorted to filing a civil complaint (CIV 085835) against
     OWENS, in which she forewarned that the authorities' failure to
16   protect her and her minor son's civil rights when OWENS falsely
     accused DIOP of threatening to kill him with a knife could have
17   deprived DIOP of her freedom, where it initially displaced her and
18   her minor son into homelessness (EXHIBIT ----).
     DIOP's fear came to pass as Defendant returned to the drawing
19   board to sketch a parody of his false accusation about the knife
     when DIOP called 911 a second time over OWENS's assault and battery
20   (EXHIBIT---). OWENS' s false report to Mill Valley Police that DIOP
21   battered him instead, causing  her false arrest, criminal
     prosecution. The criminal case was dismissed (EXHIBIT 32        ).
22   After MCDA dismissed the criminal charges against DIOP , the
     Marin County Health and Human Services engaged another social
23   character assassination against DIOP, through a defamatory
24   blacklisting in the child abuse central index (EXHIBIT ----).
     DIOP who had been emotionally embattled through the false arrest
25   and ensuing criminal prosecution attempted to reconnect with an
     employer in hopes to get over her trauma. However, the renewed
26   prosecution from the Marin County Health and Human Services added
27   insult to injury and continued to hinder her ability to stay focused

28
Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
10

1  and continued to emotionally distress DIOP who eventually withdrew
   from the job (EXHIBIT ----).

2      OWENS then steadfastly applied for a Domestic Violence
3  Restraining Order through false pretense of violence  (EXHIBIT 34).
   Marin County Superior Court Judge Lynn Duryee  issued it to OWENS in
4  violation of her duty to disclose her fiduciary conflicts of
   interest with OWENS's attorney, Alexandra Quam (EXHIBIT 35   ).

5      The later worked for Freitas, McCarthy, McMahon, law firm, where
   judge Duryee's husband is a partner.

6      Ms. Quam failed to adhere to the code of judicial ethics in
7  knowingly appearing in frint of Judge Duryee while actively working
   at her husbands' law firm. Ms. Quam was eventually hired at the
8  Marin County Superior Court as the Family Law Facilitator, thereby,
   precluding DIOP's access to this legal assistance as various
9  judicial officers failed to adhere to Family Code Section 2030 and
10 2032 by which OWENS should provide her attorney fees to ensure a
   leveled playing field. Judge Verna Adams (ADAMS) forced DIOP to be
11 in Pro Per in the main, including being her own attorney for four
   days at a custody trial where OWENS hired Beth Jordan, then the
12 Family Law Bar Association Chair Person.

       JORDAN obtained at the onset the complicity of Dr. Gloria Wu,
13 Recommending Mediator for the Marin County Superior Court. Dr. Wu.
14 WU changed the custody recommendation she issued to DIOP upon making
   more thorough investigation than she did when OWENS illegally
15 evicted DIOP and her son from the family residence and solely gave
   information that the mediator used against DIOP. Dr. Wu corrected
16 her recommendation upon DIOP's participation but then drastically
17 changed it again when OWENS secured  Beth Jordan whose influence on
   Gloria Wu and the judge was indubitable owing to her influential
18 position (EXHIBIT ----).

       This is in par with a saying that openly goes in Marin Courts:
19 "a good lawyer knows the law but a great lawyer knows the judge."
20 In fact, Robert Rothmann (ROTHMANN), ESQ. related the court's
   animosity and recommended me to find an influential lawyer given
21 that something went amiss in the way judge ADAMS treated him and
   Gloria Wu sharply departed from her favorable corrected
22 recommendation.

       " I ... believe you are being mistreated by the court system...
23 You presented a positive recommendation from Gloria Wu. This now
24 has changed dramatically. Additionally, the animosity exhibited
   by Judge Adams has given me pause to reflect that your case will
25 be a long term rehabilitation of your character before the court
   and a slow but persistent revelation of the true character of
26 Richard. With this in mind and my belief based on the latest
27 court document and judge Adams's hostile behavior, I believe you
   need an attorney who appears before her regularly and is in a

28
Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
11

1   sense an insider. I don't want to take your money if I can't
    help you in the way that I think you need help" (EXHIBIT ---- ).
2

3   OWENS secured the complicity of yet another Judicial Officer
    whose impartiality DIOP had questioned. Commissioner Beverly Wood
4   failed to her judicial act in refusing to remedy the illegal
    domestic violence restraining order that Duryee issued to OWENS
5   despite her conflict of interest with OWENS's lawyer, Alexandra
    Quam, who worked for Freitas, Duryee's husband's law firm. It turned
6   out that WOOD's husband also co-owned FREITAS, wherefore, she
    refused to address the invalidity of DURYEE's order in fiduciary
7   conflict of interest. DUTYEE had recused herself and may not have
8   been aware that over time, OWENS admittedly lied to her in his
    application for a Domestic Violence Restraining Order against DIOP.
9   WOOD's allegiance to OWENS's cause would be the guiding
    principle in this case over all clearly established statutory and
10  constitutional due process rules. As OWENS's criminal complaint has
    proven, WOOD steadfastly subjected DIOP to a humanly demeaning ankle
11  bracelet and a blanket 3 years restraining against DIOP to heighten
12  her risk of incarceration. These abuses of discretion were not
    commensurate with OWENS's unsubstantiated frivolous accusation that
13  DIOP had battered him, where Commissioner Wood was fully aware of
14  OWENS's similar false accusation of domestic violence to falsely
    induce Judge Lynn Duryee to grant his false request for DVTRO.
15  Commissioner Wood whose impartiality in the family law in which she
    seemed to be OWENS's attorney simply abused her power to put DIOP
16  away. This retaliation stems from Commissioner Wood's pursuit of her
17  personal interest to negate DIOP's complaint of the criminally
    collusive judicial acts that led her to protest openly with the
18  Marin Peace and Justice and in open demonstration in protest outside
    the Courts (EXHIBIT 38).
19  By sharp contrast to WOOD unleashing all adverse actions at her
    disposition, including negative statements against DIOP at the
20  arraignment, WOOD deliberately sabotaged the issuance of DIOP's
21  request for DVTRO to protect the child when he adamantly complained
    that OWENS had battered him during a daylong visitation and caused
22  his facial injury. WOOD obstructed the MCHHS social worker's
    testimony and DIOP's attorney to confront that testimony upon
23  ordering that she will conduct solo, an in-chamber interview
24  excluding all parties and attorneys, where she could have ordered
    the closed courtroom format that would allow transparency and
25  scrutiny.
    WOOD also granted the MVPD's request for a gag order that
26  effectively excluded their report. WOOD ignored various
27  incriminating testimonies including from OWENS's witness list as
    together, they disconfirmed the police officer's attempt to
28
    Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
    Stay of All Actions pending change of venue outside of Marin County upon filing
    of third Amended Complaint including other Defendants - CV 12-06332 JSW
    12

1   incriminate DIOP through a false report that she was wearing a ring
    on her left finger that could have perpetrated the child's facial
2   injury. WOOD equally disregarded additional inculpating testimonies
    including Rahman's pediatrician and the landlord who witnessed
3   Rahman's account to the social worker and his confident complaint to
4   the landlord about various abuses from OWENS.

        MCHHS social workers failed to prosecute OWENS at each juncture,
5   opting instead to give casual warnings against OWENS's sexual abuse
    and ignore his repeated physical abuses. Their ensuing "unfounded"
6   dispositions aimed to lay blame upon DIOP and munitions to OWENS to
7   convert his abuses into requests for custody.

        MCDA's dismissal of the criminal charges against DIOP,
8   unexpectedly disrupted Commissioner Wood's plan to hand DIOP's head
    to OWENS on a silver plater. On fact, OWENS already started to loom
9   the fruits of his fraudulent police report and ensuing attest of
10  Diop. He effectively twisted Commissioner Randolph Heubach's hand in
    giving him temporary full child custody against the orders
11  implemented five days prior that Owens vociferously objected to in
    court. The order came about when OWENS, having been used to the
12  court's complicity in issuing the orders he demands sought full
    child custody and limited visitations for DIOP despite his inability
13  to care for the child including severe educational neglects of the
14  child. Few months prior, when the court rejected his request to
    appropriate DIOP's visitations coinciding with the child's school
15  opening days, OWENS took those visitations despite the court order
    forbidding him to do so. Where OWENS's motivation for demanding the
16  school opening visitations were to make sure the child attends
17  school, OWENS failed to drop the child to his school opening and
    falsely called him sick for two days. Instead of  making the
18  supposed sick child available for visitation with DIOP or the
    school, both 5 minutes away from his residence, OWENS took the child
19  about 2 hours away to Lake Sonoma on a speed boating trip. Adding to
20  other grave custodial misgivings that DIOP documented without
    bringing those to an ordinarily hostile and prejudiced judicial
21  officer, OWENS's request for more custodial time provided DIOP  a
    defensive outlet to bring about his misconducts. Surprisingly,
22  Commissioner Heubach granted to DIOP more custodial time, to OWENS's
23  displeasure.

24      When OWENS Demanded temporary custody of the child 5 days after
    Heubach issued his adverse order against his custodial request,
25  HEUBACH failed to assess OWENS's possible motive as DIOP had no
    reason for assaulting OWENS. HEUBACH himself had once issued a DVTRO
26  against OWENS for trespassing and burglarizing DIOP's home upon
27  HEUBACH's own observation of OWENS's wrath in court. Hence, HEUBACH,
    without questioning OWENS's motives rushed to temporarily change

28
Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
13

custody OWENS, while misrepresenting that he unsuccessfully tried to have DIOP at the hearing. DIOP was in jail, and thenbailiff offered to bring DIOP down later for the hearing. Additionally, HEUBACH knew that she would appear in the afternoon at arraignment proceedings. Still, he held the hearing without DIOP's ability to be heard in opposition.

In the aftermath, HEUBACH was replaced in the family court bench, delaying DIOP's motion to vacate his order shifting temporary custody to OWENS. This delayed justice continued to interfere with DIOP's ability to reunite with her son in a timely manner in hopes that DIOP's possible incarceration as WOOD staged in, would prevent the court from undoing its damages. Upon the dismissal of the criminal charges against DIOP, HEUBACH eventually set back in place the custody orders that OWENS maliciously thwarted after putting DIOP into custody to take the child into his custody.

HEUBACH  ordered that his orders remain as set absent major Chang of circumstance. However, as soon as Commissioner Wood was back on the family court Bench, OWENS rekindled his request to have her manipulate custodial orders in order to mitigate his child support payments (EXHIBIT --). DIOP highlighted how from the Family Court bench, Commissioner Wood previously dictated the Department of Child Support Orders as Richard demanded her to do (EXHIBIT --).

Where WOOD typically verbally aggresses DIOP when she seeks relief she habitually overextends herself beyond all ethical rules of conduct and legal predicates. She systematically and abruptly denied DIOP's requests for attorney fees under Family Code Section 2030 and 2032 and usually retaliates against attorneys attempting to provide service and request fees. Hence she never awarded fees to Barbara Kauffman, Esq. while Debra schoenberg, Esq. rejected out right DIOP's request to seek WOOD's disqualification even if she believes that Wood mishandled DIOP's rights  stating that it would be a "professional suicide" (EXHIBIT--).  KAUFFMAN substituted in the case and was compelled to request Judge ADAMS and WOOD's recusal in particular arising from OWENS's multiple illegal exparte contacts with those judicial officers without ensuring that OWENS provided notice and opportunity for DIOP to be heard. WOOD issued adverse orders favorable to OWENS while she usually shrieks at DIOP when she make valid ex-parte application to protect Rahman's welfare (EXHIBIT --).

These are the governing status quo by which WOOD prejudicially continues to maintain a stranglehold in the custody case. Most recently, as OWENS continued to solicit her support against a civil complaint that DIOP had filed against him for his tortuous acts, WOOD manipulated her previous vacation orders to match OWENS's suggestion that this force DIOP, who had been hospitalized in New York and undergoing follow-up treatments to return to MARIN if she

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

14

1   wanted to spend he summer vacations that WOOD initially ordered to
    take place in New York.  KAUFFMAN alerted the court that WOOD's
2   ordered could be viewed as a manipulation of Civil proceedings. In
    fact, this did authorize OWENS's attorneys to fraudulently set in
3   place various false accusations that they served DIOP with
4   deposition notices and interrogatories for which they sought various
    ex-parte requests to compel or for sanctions in DIOP's absence in
5   order to fraudulently dismiss the civil jury trial that was set for
    September 3, 2013.
6        It is noteworthy here given that DIOP included her civil
    complaint to her Federal complaint that DIOP seeks this court's
7   equitable power these termite that the court lacked jurisdiction in
8   issuing the underpinning order granting reopening of discovery 3
    months before trial. Thus, the court should proceed with the
9   continuity alleged in this complaint sharing causes of actions cited
    in the civil action. By mean of a quick background, Opposing
10  Counsels notified DIOP's attorney of their ex-parte request to
11  reopen discovery after DIOP provided a substitution of attorney to
    represent herself. The attorney failed to alert DIOP of the ex-parte
12  proceeding and scheduled a date that he knew directly conflicted
    with DIOP's availability (EXHIBIT -- ).
13       DIOP could not oppose the motion on a shortened time that she
14  was not aware of. To cure this service deficiency, Opposing Counsels
    mailed a notice to DIOP of non-opposition of their motion, that they
15  did not include in the correspondence. In reality they also knew
    that DIOP would be unavailable on the day they set in court as this
16  was the date that they requested to reschedule a settlement
17  conference and DIOP told to her attorney that she would be
    unavailable. Hence, DIOP rushed to the hearing without any
18  information or adequate notice to defend against the action in
    violation of her Due Process: "required statutory provision for
19  notice and hearing. It has been held that the statute itself must
20  provide for notice and hearing, and that the absence thereof is not
    cured by extraofficial or casual notice, or a hearing granted as a
21  matter of discretion" (Adequate notice and hearing [$658]".
         Judge CHERNUS had no jurisdiction to convenient grant the
22  reopening discovery to harass DIOP. This order should fail through
23  collateral attack as CHERNUS set the stage for abuse of process to
    legally drain DIOP out.  To the extent that repetitive fraudulent
24  discovery tactic was improperly used to subsequently dismiss the
    civil case underpinning the continuity of this action, DIOP seeks
25  the court's equitable power to not strip the present complaint of
    elements contained in the civil lawsuit and to Stay the present
26  action as necessary in time for a reinstatement of DIOP's related
27  civil case CIV 085835.

28
    ───────────────────────────────────────────────
    Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
    Stay of All Actions pending change of venue outside of Marin County upon filing
    of third Amended Complaint including other Defendants - CV 12-06332 JSW
                                    15

1    To avoid prejudice, DIOP had requested her former civil
2    attorney, Don Lesser, to sever those causes of actions from the
     civil case and consolidate those with the Federal case (EXHIBIT 44
3    ). However, this request fall on deaf ears as he was more concerned
     about coaxing DIOP to simply dismiss them herself in par with
4    OWENS's demand upon apparently buying out the attorney as he said he
     would if DIOP did not want to deal with him and drop her attorney.
5    WOOD was fully aware of the pending civil case against OWENS and
     the present FEDERAL complaint as OWENS mentioned this to her
6    attention at various hearings, including in his petition seeking
     full custody upon exploiting the fact that the MCHHS blacklisted
7    DIOP . OWENS mentioned his aim to reopen discovery in an email
8    alerting DIOP that he will reopen custody proceedings since WOOD
     replaced Heubach in our family court case.
9    It turned out that WOOD has special affiliations with CHERNUS linked
     to how they were handpicked from various candidates. From an article
10   in the Coastal Post, Barbara Kauffman emphasizes the existence of
11   special interests and favoritism (EXHIBIT--).
     CHERNUS failed to apply any jurisprudence in entertaining
12   various exparte requests from opposing Counsels to whom he issued an
     order reopening the civil discovery, allegedly full fledged, 3
13   months before the jury trial date merely to harass DIOP. CHERNUS
14   overlooked the procedural defects, which precluded DIOP's right to
     notice and opportunity to rebut opposition's ex-parte application to
15   reopen discovery to DIOP's former attorney. Those information will
     be filed to the extent that they are directly relevant to the
16   present case, which included elements of DIOP's civil case against
17   OWENS.

18   CONTIGUOUS COMPLAINT SPECIFICALLY DIRTECTED AGAINST BEVERLY WOOD BASED ON EXCERPT
     FROM THIS COMPLAINT

19
     WOOD continues to maintan a stranglehold in the family law case
20   through illegal, fraudulent backdating or orders to extend her lost
     jurisdiction, slapp, rico, conspiacy to sabotage the underlying
21   CIV085835 trial, retaliatory, prejudicial practices that DIOP will
22   excerpt from this complaint and adjoint to highlight the scope of
     her abuse of power to cater to OWENS and for the poroposition that
23   it needs to be amended as she continues to entertain OWENS's
     retaliatory SLAPP suits in a terror threat to alienate the child
24   from his mother whose freedom he subjects to WOOD's trifling through
25   bogus sceduled contempt hearings (**EXHIBIT 1**).

26   **ASSAULTS AND BATTERIES**

27

28
Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
16

COUNT 1:

1. Defendant Richard Meredith Owens assaulted DIOP, thereby causing her immediate injury to her person. DIOP reported Defendant's verbal and physical assaults by placing a 911 call. DIOP's former attorney obtained the record.

2. The 911 dispatcher referred DIOP's call to the Mill Valley Police officer, which also reported the abuse against DIOP. Defendant caused physical injury to DIOP. Although DIOP's dark completion made it hard to detect, Defendant's kicking on DIOP's left foot were visible few days later in the form of black marks and soreness. The area was sore for months and after periods of swelling was followed by months of scabbing. DIOP showed her injuries leg to various people and was told to take a picture of it at some point (**EXHIBIT** ).

**MALICIOUS PROSECUTIONS AND ABUSE OF PROCESS TO HARASS DIOP**

3. OWENS fabricated false accusation that DIOP perpetrated domestic violence against him and made antiSemitic slurs in an effort to illegally pit MVPD Officers LANE and BROOKS to arrest and falsely imprison DIOP. These fraudulent reports aimed to displace the child custody that HEUBACH issued 4 days prior to Defendant's displeasure. Upon belligerently yet unsuccessfully opposing the unfavorable custody orders, OWENS caused DIOP's criminal prosecution and steadfastly the very next day, he placed an illegal ex-party request to be awarded temporary sole custody. His ex-parte Notice was not calculated to give actual notice to DIOP to defend against his allegations since OWENS acknowledged that DIOP was in Jail.

**CONSPIRACY UPON FRAUDULENT SECUREMENT OF A 3 YEAR DVTRO FROM WOOD**

4. OWENS secured Three years restraining orders from COMMISSIONER WOOD who also subjected DIOP to ankle monitoring device that clearly had the effect to heighten DIOP's risk of incarceration. OWENS's request for the maximum time to retrain DIOP was disingenuous as he invited DIOP to share breakfast despite his claim days DIOP battered him (EXHIBIT---).

5. OWENS revealed during his divorce proceedings from his third wife, FREDERICKA NEWTON, his plot to keep DIOP at bay for 3 years in order to resume their criminal partnership (EXHIBIT---). OWENS declared that his third divorced wife "witnessed multiple murders, used crack cocaine, had incurable insanity,

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

17

1   and treated our minor son "with less compassion than a normal
    person would show for a dog" (EXHIBIT---).

2

3   **FALSE ARREST, ANNOYANCE, DEFAMATION, SEARCH, SEIZURE OF PROPERTY…**

4   COUNT 1: Civil Rights Violations

5   6. On December 12, 2011, at approximately 3:30PM, DIOP was present
       in the municipality of Mill Valley, California in the County of
6      Marin, State of California when Defendants arrested DIOP without
7      probable cause. DIOP called 911 to report OWENS's verbal and
       physical Assault and Battery. The 911 Dispatcher alerted the Mill
8      Valley Police Department.

9   **WRONGFUL IMPRISONMENTS THROUGH OFFICER LANE'S INFLUENCING OFFICER
10  SCOTT BROOKS TO ARREST DIOP**

11  7. Officer SCOTT BROOKS acted upon his supervising Officer, MICHAEL
       LANE's suggestion to arrest DIOP. This was done without probable
12     cause. Officers LANE and BROOKS failed to approach DIOP first
13     and get her testimony as she was the one who initiated the call
       to the 911 dispatcher. Then Mill Valley Police provides
14     preferential treatment to OWENS, a wealthy resident, white male,
       with property who also benefits from the predominantly male
15     Officers' complicity. Mill Valley Police reported in connection
16     with their false arrest that DIOP had a very "thick" accent.
       This depicts Defendants' prejudicial characterization of DIOP as
17     a foreigner and their ensuing belittling demeaning,
       dehumanizing, and discriminatory acts that led them to falsely
18     arrest DIOP.

19  **OFFICER LANE ILLEGALLY INTEREFERE WITH DIOP'S FREEDOM AND DISPOSSED
20  HER OF HER BELONGINGS WITHOUT PROBABLE CAUSE**

21  8. Officer LANE confiscated DIOP's silver ring along with her other
       properties during the booking process without any probable cause
22     to deprive her of her freedom and property merely on OWENS's
23     accusation that it was DIOP who perpetrated domestic violence
       against him.

24

25

26

27

28
    _____
    Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
    Stay of All Actions pending change of venue outside of Marin County upon filing
    of third Amended Complaint including other Defendants - CV 12-06332 JSW
    18

9. These facts are key in understanding the Mill Valley Police's pervasive bias as it continued to side with Defendant Richard Meredith Owens's false accusations, which led to the false Deprivation of DIOP's liberty through false arrest, jailing, criminal prosecution records, and social blacklisting as a child abuser in the central index.

**COUNT 2: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, PAIN AND SUFFERING,**

10. MVPD Officers LANE and BROOKS illegal arrest of DIOP and transportation in tight police back seat heightened DIOP's soreness at various areas such as her neck and arms. They aggravated DIOP's back injury when OWENS misrepresented to police that DIOP assaulted. BROOKS forced DIOP to ride in his police car in an injurious position to her back. DIOP further experienced extreme discomfort and injury to her body owing to her illegal arrest and confinement to hard bedding at the Marin County jail.

**INTENTIONAL MISREPRESENTATION**

**DISCRIMINATION AGAINST THE CIVIL RIGHT ACTS OF 1964 BARRING FAVORITISM OR PREJUDICE OF PEOPLE ON THE BASIS OF SEX, RACE, NATIONALITY, COLOR, OR RELIGION**

11. After the 911 dispatcher sent the Mill Valley Police upon DIOP's report of various physical and verbal abuses from Defendant, Richard Meredith Owens, the Mill Valley Police arrested DIOP without probable cause. The Mill Valley Police mentioned on its report DIOP's thick accent given that she is born in Africa. DIOP has a very dark complexion and is a victim of racial profiling where the Mill Valley Police, consistently takes at face value Defendant's accusations against DIOP.

12. OWENS who always defame DIOP in Court when she is about to swear claiming that she is a Muslim to pit the court used a subterfuge to pit the police. Without any proofs, the police appears to have acted on the religious token. Defendant falsely attributed to DIOP that she made anti Semitic statement against him. The Mill Valley Police reported this without care of the statement's validity to blacklist DIOP in the predominantly Jewish legal Community.

13. Both WOOD and HEUBACH appear to have retaliated against DIOP as a result. The fact that OWENS is a wealthy white Male property owner who gave donations to the police among others

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

19

1  should be factored in the Mill Valley Police's constant support
   to OWENS whenever he complaints about DIOP.

2

3  **HUMILIATION, DEFAMATORY INJURY TO REPUTATION, INJURY TO ECONOMIC
   ADVANTAGE, MARGINAL ARREST, FALSE IMPRISONMENT, MALICIOUS**
4  **PROSECUTION, CIVIL RIGHTS VIOLATION, FRAUD, MALICE, DECEITS,
   OPPRESSION,**

5  *COUNT 1:*

6  14. Officers LANE and BROOKS failed to act within statutory and
   constitutional anti discriminatory parameters, which a
7  reasonable person in this position would have done. CONSPIRACY TO
   DEPRIVE DIOP OF HER FREEDOM. LANE illegally suggested to owens
8  to seek a DVTRO against DIOP without probable cause. Officer
   Michael Lane prompted the arrest without any probable cause.
9  LANE did not have any justifiable reliance on OWENS's
   uncertified statement as he is privy to OWENS's propensity to
10 lie to police to circumvent legal channels.  DIOP reincorporates
   previously attached to previously complaint pertinent facts that
11 she enumerated in her related Civil Complaint against OWENS in
   the Marin County Superior Court: CIV085835 (EXHIBIT ). The
12 complaint shows that Mill Valley Police contributed to DIOP's
13 Civil Right Violations through its usual discriminatory
14 practices and prejudice against DIOP.

15 15. A synopsis of those pertinent facts show that Defendant
   falsely misrepresented to the Mill Valley Police that DIOP
16 trespassed his house. Multiple police cars reported to the
17 residence whereas, The police belittled DIOP including Officer
   LANE When the police realized that Defendant had lied that this
18 was a trespassing where DIOP and her son continuously lived at
   the residence for 16 months, the Mill Valley Officers still
19 condoned Defendant's immediate retaliations to force DIOP out.
20 The Mill Valley Officers said that this was expected from
   Defendant's anger.

21

22 16. Defendant thereafter misrepresented to the Mill Valley Police
   Office that DIOP had come at him with a kitchen knife when DIOP
23 called 911 over Defendant's verbal and physical assaults. The
   Mill Valley Police immediately took Defendant's side and
24 effectively evicted DIOP whom they asked to leave the family
   residence with her minor son with Defendant. As such, the Mill
25 Valley Police helped Defendant circumvent lawful eviction
   procedures. Defendant later made judicial admissions at trial,
26 via email, and in writing that he lied about DIOP coming at him
27 with a kitchen knife **(EXHIBIT--)**. Consists of excerpts from

28

Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
20

1   various evidences of Defendant's perjury to various officials in
2   all impunity.

3   17. LANE acted maliciously in overlooking that when he previously
       told OWENS to take legal actions to remove DIOP from the family
4       residence, OWENS circumvented his advice and filed a false
       police report that DIOP threatened to kill him with a kitchen
5       knife in order to getOfficer MILDE to remove DIOP from the
6       family residence.

7   18. On OWENS's testimony, Officer LANE also engaged in an ex-parte
       off-record communication to advise him to file a restraining
8       order without any probable cause that DIOP had engaged or was
       about to engage in any domestic violence. Hence, despite his
9       seemingly correct police report, LANE tipped OWENS about using
10      DVTRO against DIOP. One week later, OWENS lied to Officer MILDE
       that DIOP threatened to kill him with a kitchen knife.
11
12  19. When LANE initially told OWENS to seek legal remedy to evict
       DIOP from the family residence, he also tipped OWENS off record
13      to seek a domestic violence restraining order. Hence, LANE's
       fraudulent conduct when he had ex-parte contact with OWENS
14      before prompting Officer BROOKS to arrest DIOP is to blame for
       his prejudicial conduct aimed to oust DIOP as he told OWENS to
15      use a DVTRO.

16  20. At the time, of applying for a DVTRO, OWENS stated: Ms. DIOP
17      threatened me with a kitchen knife. She said that I was evil &
       deserved to die. She wore at me repeatedly. OWENS gave to DIOP a
18      handwritten note confessing about LANE's implication and
       admitting at trial that he lied about the kitchen knife
19      accusation against DIOP and the frivolousness of his DVTRO
20      application:

21      "Yeah, no, the alleged -- the alleged violence incident was that
       I was being -- that I was being told charges were being made
22      against me of sexual misbehavior, rape, and what have you, that
       -- that came like a bolt out of the sky. I had no -- this never
23      happened, and I didn't expect it, so that was the violence of  -
24      - of -- of some sort anyhow. The other violence w my house
       looked like it had been invaded by Keystone Cops, and they were
25      running all over the place. She's running, they're running, I'm
       downstairs. It wasn't violent, but it scared the hell out of
26      everybody" ... One man came up to me -- ... This is the officer
27      Mike Lane?
28

Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW

21

1    The big tall one.

2    right. and he told you should get a restraining order?

3
     And did you ask for the restraining order because you felt you
4    were in danger from Rama?

5    I actually asked for -- I asked for it because a police
     officer told me I needed one" (EXHIBIT---).
6

7
**LANE COULD NOT JUSTIFIABLY RELY ON OWENS'S TESTIMONY TO TELL BROOKS**
8    **TO ARREST DIOP ON OWENS'S RENEWED FRAUDULENT CLAIM OF BATTERY WHEN**
9    **DIOP CALLED 911**

10   21. OWENS acted upon this in order to shy away from taking legal
     eviction process against DIOP and their minor son.  LANE initial
11   contact with Defendant is the conduit for his tactical
     conspiracy calculated to deprive DIOP of her civil rights. When
12   Officer Michael Lane tipped Defendant Richard Meredith Owens to
13   seek a restraining order against DIOP, he had no reason to
     believe that DIOP threatened to, engaged in, or was about to
14   commit domestic violence. DIOP filed a report with the MVPD
     against OWENS's perjury such that the officers were privy to his
15   propensity to lie and could not assert any justifiable reliance
     on his statement.
16

17   **SUPERVISORY FAULT AS MVPD OFFICERS TEND TO PROVIDE ASSISTANCE TO**
     **OWENS FIRST WHEN DIOP SEEKS ASSISTANCE AND PREJUDICIALLY TREAT DIOP**
18

19   **COUNT 1: SUPERVISORY NEGLECT FOR MVPD MILDE'S FIELD MISTAKE**
     22. MILDE improperly spoke with owens first wherefore he formed a
20      wrong judgment that diop had to leave the family residence
     MILDE's mistake was instrumental in allowing OWENS to use his false
21   accusation that DIOP threatened to kill him with a kitchen knife in
22   order to illegally evict DIOP from the Family residence. Officers
     LANE AND BROOKS  were tainted as they confronted DIOP instead of
23   attempting to find out about the abuses that Richard Meredith Owens
     perpetrated against her.
24

25   23. The Mill Valley Police systematically believes the Defendant's
        account when he reports false crimes against DIOP. This  benefit
26      of doubt operates to trivialize DIOP's abuse reports and falsely
        fabricate alibis for Defendant. The Mill Valley Police has no
27      evidence supporting its false arrest.

28
     ────────────────────────────────────────────────────────
     Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
     Stay of All Actions pending change of venue outside of Marin County upon filing
     of third Amended Complaint including other Defendants - CV 12-06332 JSW

**COUNT 3: SELECTIVE ENFORCEMENT OF REGULATIONS ON THE BASIS OF RACE**

Mustov. V. Rice, 663 F. Supp. 1255 (N.D. Ill. 1987)

24. OWENS alleged in his complaint that DIOP uttered antiSemitic remarks while the MVPD Officer Scott Brooks stated that DIOP had a thick accent. Together, these show the characterization of DIOP as a foreigner who usually gets the lower end of the stick when it comes to obtaining reliefs against OWENS, a white, wealthy wrongdoer with property from Mill Valley.

**COUNT 4: DELIBERATE DENIAL OF POLICE PROTECTION ON RACIAL GROUNDS**

Mody v. City of Hoboken, 959 F.2d 461 (3d Cir. 1992).

25. As a result of officers LANE AND BROOKS's misconduct, DIOP was injured, humiliated through defamation to her reputation, framing as a perpetrator of criminal acts. DIOP experienced fear of threat of further violations against her civil rights, and ruined her economic advantage. DIOP's attorney witnessed MVPD refusal to take a police report over owens's stalking (EXHIBIT---). MVPD officer Ian Madison (MADISON) whisked off an eyewitness who offered to testify in front of the Mill Valley Rite Aid Store that he witnessed OWENS stalking DIOP.

**MILL VALLEY POLICE REFUSED TO INVESTIGATE OWENS'S CHILD ABDUCTION BUT STEADFASTLY HARASSED DIOP OVER OWENS'S SECOND FALSE ALLEGATION** OF CHILD KIDNAPPING

26. OWENS violated a custody court order, falsely called Rahman sick, refused to transition him to his mother 5 minutes away, then reportedly traveled nearly 2 hours away to Lake Sonoma with the allegedly sick child.

27. The Sonoma police requested a referral for further investigation and/or warrant from the Mill Valley Police. However, various officers refused to take action. Their Sergent WRAPP, casually asserted that "the child is fine" without establishing contacts with him or OWENS for over 3 days. It took about 9 days for DIOP to reunite with her son with no charges on Owens.

28. By contrast, MVPD Sergent WRAPP promptly investigated at various levels and threatened to initiate child abduction ~~actions. WOOD directed OWENS to go to the DA who personally~~

Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

23

1    contacted DIOP to investigate while DIOP had never been able to
directly get the DA to investigate. The receptionist told DIOP
2    repeatedly that the DA would not get involved absent MVPD
referral and the MVPD routinely fails to take reports, or makes
3    it devoid of accuracy to provide fraudulent exculpatory alibi to
4    OWENS.

5    **OWENS RELATED HIS MOTIVE FOR SEEKING DIOP'S ARREST**

6    **OWENS'S REQUEST FOR THE MAXIMUM DVTRO WAS DISHONEST AND ONLY**
7    **CALCULATED TO DISPLACE THE CUSTODY ORDERS SET FOUR DAYS PRIOR**

8
9    29. A witness statement shows OWENS's motive to alienate DIOP from
her son's upbringing through false arrest. Letter from Mr.
10   Mustapha Senghor relates his conversation with OWENS concerning
his intention to have DIOP rot in jail in order to gain custody
11   and use cheap labor for the care of the minor child (EXHIBIT-).

12   30. OWENS who sought "the maximum DVTRO" actually invited DIOP for
13   breakfast few days later as his only motive was to twist the
court's hand to regain child custody as a bargaining chip
14   through the complicity of the Mill Valley Police Officers. The
officers ignored DIOP's complaint about OWENS's calculated
15   motives: On 12/12/11, the day of OWENS's assault and battery on
DIOP, he writes: "I will be in court tomorrow morning seeking
16   full custody of Rahman. if you are out of jail by then, you need
17   to appear". On 12/18/11, OWENS states: "Please call Rahman...He
has tried to reach you a umber of times, and he has left you a
18   message. Also, if you are ready to co-parent, we could try to
have breakfast together this week. he would love to see you"
19   (EXHIBIT 49). On 12/20/11, Owens states "your son asks for you,"
20   which denotes DIOP's separation from her son and the anguish
that the Defendants' acts caused in DIOP and her son (EXHIBIT ).

21
22   **COUNT 2: FALSE ARREST CAUSED MCHHS BLACKLISTING**

23   31. Mill Valley Police's false arrest and criminal prosecution of
DIOP led to the Marin County Health and Human Services' referral
24   and continued blacklisting of DIOP whose name appears on the
Child Abuse Central Index specifically stating that it is
25   because DIOP was the one who was arrested.

26
     **ADDITIONAL DETAILS SUPPORT THE RACIAL BIAS, PROFILING AND**
27   **DISCRIMINATION**

28
     Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
     Stay of All Actions pending change of venue outside of Marin County upon filing
     of third Amended Complaint including other Defendants - CV 12-06332 JSW

32. OWENS lied to the police on various occasions before police arrested DIOP based OWENS's unwitnessed complaint. In doing do, the police shows that it always believes OWENS despite the long history of OWENS making multiple false police reports and accusations against DIOP.

33. SAUSALITO police report showing OWENS's trifold violation of custody orders ans lying that the child was sleeping in refusing to facilitate the transition to DIOP as it was her visitation and by court order OWENS was not supposed to have the child on his boat or overnight. OWENS then committed perjuring in submitting a picture showing that Rahman was up at 10:22 PM watching a movie. The DA did not prosecute.

34. In the pertinent portions of her Superior Complaint CIV085835, DIOP related actions from the Mill Valley Police following their illegal eviction of DIOP and her minor son from the family residence. When DIOP regained legal access to the residency, Defendant placed a false report of trespassing that the Mill Valley Police fraudulently acted upon. First, the Police officer DOE assisting Officer HEISINGER threatened DIOP to go outside or be jailed even when they had no reason to believe that DIOP broke the front door's lock to gain entry.

35. Once DIOP was forced out of the residence under duress, HEISINGER suggested to OWENS to lock DIOP out of the residence upon stating to his attention that they would not allow assist DIOP if OWENS locked her out. Hence, in lieu of Defendant being subject to civil actions as he was adamant that he would do whatever it took including Citizen Arrest to evict DIOP the MVPD officers ---- to effect the illegal eviction through malicious suggestions. By the same token, the Mill Valley Police deliberately failed to ensure the protection of DIOP's right to a peaceful occupancy of the family residence and give unjust advantage to Defendant Richard Meredith Owens.

**SELECTIVE APPLICATION OF RULES TO COVER-UP RICHARD OWENS'S VARIOUS ABUSES**

**COUNT 3: MVPD DEFAMATION AND FALSE ARREST CONDUCIVE TO MCHHS MALICIOUS PROSECUTION AND BLACKLISTING**

36. Marin County Health and Human Services disregarded the fact that the District Attorney dismissed the Criminal case against DIOP for the proposition that if a mere arrest is tantamount to guilt in their view, then a dismissal should constitute

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

25

innocence. In this case, their rehashing of the dismissed
criminal complaint into social incrimination is purely
defamatory and serves no legitimate purpose but to harass DIOP

## SELECTIVE ENFORCEMENT OF WELFARE CODES

37. DIOP noted that the MCHHS failed to prosecute OWENS whom it
prejudged that no criminal charges would be filed against his
criminal acts towards the moor child, Rahman Owens, even before
the social worker concluded her investigation. By sharp
contrast, DIOP was blacklisted after her criminal charges were
dismissed and through vague defamatory accusation from HADAR
HARTSHORN, that DIOP committed "severe neglect" against Rahman
Owens. Dr. GLORIA WU stated in her report:
"MARIA AFFINITO, Child Welfare Worker, Marin County Child
Protective Services
"Maria Affinito  (AFFINITO)was present for the forensic
interview of Rahman at the Jeanette Prandi Children's Center
that occurred on 5-6-10. Ms. AFFINITO reports that there will
be no criminal sexual abuse charges filed against Mr, Owens.
During the Interview, Rahman reported that his father tickles
him in the genitalia and on his bottom as well as other places
on his body. Rahman described Richard's "ticking" him in a
manner that was not congruent with tickling and reported that
he (Rahman) does not have pants or underwear on when he is
being tickled. Rahman has told his father that he does not like
to be tickled and that Richard has continued to tickle him.
Although the disposition of the allegations has not yet been
determined, Ms. AFFINITO stated that Richard's manner of
touching Rahman is inappropriate and that she will be speaking
with him to emphasize the message that the tickling behavior
needs to cease...

## OBSTRUCTION OF JUSTICE, TAMPERING WITH THE EVIDENCE THROUGH UNNECESSARY DELAY TACTICS

38. In this case, the MCHHS used delay tactics to await one month
between the abuse complaint referral to interview the child.
This delay was not justified in that AFFINITO determined that
the child's renewed his complaint of sexual abuse from the
father to her and had made her reopen the investigations.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. MCHHS engaged in deceitful tactics to demonize DIOP as
follows: Month-long delay tactic before setting up a forensic
~~interview regarding the child abuse allegations against OWENS.~~

Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
26

Failure to prosecute OWENS when the report showed the child specifically complaining that OWENS sexually fondled him while he was naked and refused to stop. MCHHS only issued a casual warning to Defendant to stop the inappropriate Behavior. The ensuing unfounded finding from the Agency aimed to give a clearance to OWENS about his abuses and to not be listed in the child abuse registry. By contrast, MCHHS listed DIOP without evidence of any wrongdoing, where she was the victim of OWENS's abuses.

**FAILURE TO PROSECUTE OWENS FOR CHILD ABUSE THROUGH NEGLIGENT AND DELIBERATE UNFOUNDED DISPOSITION TO PROVIDE AMMUNITIONS TO OWENS FOR ACCUSATIONS OF PARENTAL ALIENATION AGAISNT DIOP**

40. MCHHS typically disregards all of OWENS's wrongdoings, whether through the child's direct complaints or through mandated reporters. On this same footsteps, AFFINITO quickly discarded the abuse and any criminal prosecution of the father and instead opted for mere warning to the the father, OWENS. this casual predisposition once again subordinated the child's welfare to the father's impunity. In addition, it provided to the father Defamatory underpinning that subsequently aided him in obtaining the full custody of the abused child.

**ILLEGAL INTERFERENCE WITH DIOP'S PARENTAL RIGHTS THROUGH INTENTIONAL FAILURE TO TAKE INTO CONSIDERATION DIOP'S EVIDENCES**

41. MCHHS overlooked relevant supporting evidence including but not limited to the following:
OWENS sexual disfunction and depravity whether or not related to his self diagnosis of Bipolar Disorder. In a book, "loving someone with bipolar disorder" OWENS underlined some of his traits:"does something very sexually inappropriate but doesn't seem worried or ashamed about it at all" **(EXHIBIT---)**. Hence, OWENS also engaged in lewd sexual conducts such as stripping for cash in homosexual venues, random bisexual encounters for homosexual explorations or extramarital affairs, exhibitionistic gigs, etc... **(EXHIBIT ---)**.

42. DIOP would not have stood a chance had she been in OWENS's shoes. Where MCHHS blacklisted DIOP merely over Defendant's misrepresentations that DIOP had committed domestic violence against him, MCHHS deliberately shove under the rug glaring evidences supporting Rahman's complaint that his father, OWENS, engaged in sexually abusive conducts against him. NATHALIE SALLES had incidentally testified over one year prior to

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

27

1   Rahman's disclosure of OWENS's sexual abuse against him that
    Rahman confided to her:
2   "that his father touches his tchoutchou which is the way he
3   refers to his genitals. I asked him if it was because he was
    cleaning him. Rahman said it was not the case but that his
4   father was playing with his tchoutchou. When I asked him if he
    said to his father that he (Rahman) did nit want his father to
5   do that, Rahman said no because his father would be very angry
    and "fight' him **(EXHIBIT --- )**. MS. SALLES provided that
6   testimony to CPS well before Rahman renewed his complained about
7   OWENS's sexual abuse.

8   **FAILURE TO INVESTIGATE CHILD URINATION DISFUNCTION ROOTED IN ALLEGED**
    **DOMESTIC MARITAL FIGHTS LEADING TO ISSUANCE OF ADVERSE UNFOUNDED**
9   **REPORT THAT OWENS'S DIVORCE PROCEEDINGS DISPROVED**

10  43. AFFINITO also failed to investigate Rahman's complaint of
        disturbing nocturnal domestic fights at the family residence
11      between OWENS and his former wife, FREDERICKA NEWTON. MCHHS
        overlooked this fact in issuing an "unfounded" disposition of
12      Rahman's overall complaints leading to OWENS gaining full
13      custody of Rahman. Case in point, AFFINITO disregarded DIOP's
        email relaying Rahman's complained that FREDERICKA "is even
14      worse than daddy" **(EXHIBIT 69)**. Dr. Wu reported:
15      " With regards to Rahman being exposed to loud fighting between
        his father and his wife, Ms Affinito did not disclose that his
16      father and wife fight at his father's home" which was later
17      disproved. Subsequent Divorce proceedings between OWENS and his
        third wife put the limelight on the marital tensions that
18      Rahman had complained about all along, which the Court and
        MCHHS shove under the rug as "unfounded" thereby giving to
19      OWENS ammunitions to seek full custody of Rahman in the
20      aftermath of his complaints against OWENS.

21  **MCHHS FAILURE TO INVESTIGATE CHILD URINATION DISFUCNTIONS WITHIN HIS**
    **COMPLAINTS OF DOMESTIC FIGHTS BETWEEN OWENS AND HIS NOW EX-THIRD**
22  **WIFE THAT DIVORCE PROCEEDINGS CONFIMED**
23  44. AFFINITO. further failed to investigate the domestic tensions'
        causation of Rahman's contiguous urination dysfunction as
24      indicated in a research **(EXHIBIT 72)**. AFFINITO failed to
        investigate the domestic dispute between OWENS and his former
25      wife even though the court noted in its minute order suspending
        his visitations pending investigation: "the court hears
26      recording of the child talking about the fights at Father's home
27      and observes a telephone video of the child" **(EXHIBIT 73 )**.

28  _____

Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
28

1

**NEGLIGENT FAILURE TO INVESTIGATE LEADING TO CHILD ENDANGERMENT UPON**
2 **HIS WRONGFUL PLACEMENT IN THE HANDS OF HIS ALLEGED ABUSERS**
**INTERFERING WITH DIOP'S PARENTING RIGHTS**
3

4 **45.** OWENS's Divorce proceeding documents show his statement that
FREDERICKA was mistreating Rahman in response to FREDERICKA's
5 statement to Rahman' attention "You poor child" as follows: "At
the end, you treated him with less compassion than a normal
6 person would show for a dog" **(EXHIBIT   ).**

7
**46.** Without filing criminal prosecutions against OWENS following
8 the Prandi Center Forensic interview, MCHHS prevented Rahman's
protection as he was thrusted in the unsupervised care of his
9 designated abuser. In response to Frederika saying "You poor
child" to Rahman's attention, OWENS alluded to her mistreatment
10 of Rahman **(EXHIBIT--).**

11
47. Additionally, while OWENS provided polished positive
12 personality traits to WU and WOOD about Frederika, he then
disclosed her dark past. OWENS sought to nullify their marriage
13 and accused Frederika as having "in curable insanity, Fam. Code
$2310 (b)" "unsound mind,(Fam. Code $2210(c)," and "fraud (Fam.
14 Code $ 2210(d)" even though he had been attempting to subject
15 Rahman to her presence **(EXHIBIT--).**

16 48. OWENS's statements against FEDERICKA show the harmful placement
if Rahman with his abusers. Although OWENS depicted an
17 impeccable résumé as a nurse to the recommending mediator Dr.
Gloria Wu and Commissioner WOOD, OWENS had this much to say
18 about his actual partner in crime:
19 "Unmentioned is the statement by Frederika Newton Owens to me
that she is an addict, that she has used crack cocaine, that
20 she has witnessed multiple murders, and that she had her
previous lover restrained on the basis that he had tried to
21 choke her... Ms. Newton has also joined a cult society called
22 FAA. these events in my estimation have caused Ms. newton to be
unstable..." **(EXHIBIT --).**
23

24 49. OWENS further proves that MCHHS's social workers declined to
acknowledge DIOP's relating Rahman's complaint without care to
25 connecting the dots about the record of OWENS and FREDERIKA's
unfitness as OWENS reported furthermore:
26 "Our marriage seems to be ending because both of us are sick"
**(EXHIBIT ).** Additional threats of "suicide" came about as OWENS
27 had titled his email to FREDERIKA elaborating: "the path you

28
Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
29

are on does not lead to peace. And, it leaves me with deadly haunts in my head that could be dispel if you had the kindness to do so. Or, if what you feared did come to pass, it would haunt you for the rest of your life no matter what my motive" **(EXHIBIT --)**. MCHHS's failure to thoroughly investigate and connect the dot led to its oversight of OWENS's bipolar disorder and its.

50.  Under the care of OWENS and his third ex-wife, the minor child underperformed and nearly failed first grade. A similar interverence with DIOP's parenting rights when the minor was in kindergarten set the stage for the major disturbance in the child's performance and were emotionally destructive and alienating against DIOP's parenting right to the child's detriment.

## DENIAL OF EQUAL PROTECTION TO DIOP PRECLUDING HER FROM BEING PROTECTED, OR THE CHILD AGAINST OWENS'S ABUSES

51.  It is noteworthy here that OWENS's statement was objecting to a DVTRO that was issued to Frederika against him. This confirms DIOP's complaint that the Marin County Superior Court seems to issue DVTRO to actual criminals while continuously refusing to provide DIOP DVTRO protection that she repeatedly requested for her and Rahman.

52.  DURYEE issued a DVTRO to OWENS whose false account that DIOP threatened to kill him with a kitchen knife she believed over DIOP's complaint of Domestic Violence against OWENS.

53.  When HEUBACH issued a DVTRO against OWENS for trespassing and burglarizing DIOP's home upon leaving court angry, Judge ADAMS subsequently denied it. When DIOP subsequently filed another request for DVTRO, Judge ADAMS rejected it as "litigation tactic".

54.  When DIOP requested a DVTRO to protect Rahman from OWENS whom he adamantly designated as the perpetrator of his facial injury, Commissioner WOOD rejected it through obstruction of justice and overlooking all inculpatory testimonies against OWENS. She then increased OWENS's custodial time exactly as OWENS requested showing how this would mitigate his child support payments. Commissioner WOOD's favorable disposition of the DIOP's DVTRO application to OWENS's benefit also prejudged the so-called pending criminal investigation that the Mill Valley police used to seek a gag order from Commissioner WOOD.

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

30

55. By contrast, WOOD issued a DVTRO against DIOP when OWENS make a false accusation of domestic violence against DIOP. OWENS uses it as a token to get back his old partner in crime against Rahman as he found himself in a jam with her and feared for his life enough to think that it was best for him to gain her complicity than to be her enemy as follows:
"P.S. Reviewing Rama's stay away order, it is market as bring in force for 3 years. Provided you are near to me, she can not come near to you again. Rahman will be 9 years old when the order is lifted..."

56. Whereas both WOOD and OWENS continuously insult DIOP for being unemployed, despite her valid reasons, OWENS offered to bribe Frederika with $250,000 wherefore she would stop working.

57. Despite MCHHS failure to refer OWENS to the Child Abuse Central Index Listing at different junctures against his physical and sexual abuses, not to mention documented educational neglects, and the domestic disputes that Rahman complained of, MCHHS referred DIOP to the Central Index Listing over OWENS's renewed false accusations of domestic violence against DIOP.

58. In blacklisting DIOP over OWENS's misrepresentation that DIOP physically abused him, MCHHS disregarded OWENS's perjury in filing a false police report and its relevance to his expert, DR. MARGARET LEE's testimony: "there is certainly research that people who are sociopathic or psychopathic are more likely to molest children" **(EXHIBIT -- )**.

**OBSTRUCTION OF DUE PROCESS RIGHT TO CROSS EXAMINE WITNESSES AT TRIAL AND CONCEALMENT OF EVIDENCE**

59. MICHELE KENO the County Counsel was paid for by constituents to conceal the various information contained I the report such that the request to protect the child from OWENS's. Commissioner WOOD ordered their testimony in her chamber to avoid cross-examination. Their obstruction of justice and tampering with witness and evidence was used against DIOP, the protective parent.

**MCHHS AND MILL VALLEY POLICE PARTICIPATION IN OBSTRUCTION OF JUSTICE IN CONNECTION WITH A DVTRO HEARING AGAINST OWENS FOR BATTERY WITH INJURY UPON MINOR CHILD**

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

31

60. The minute order of the proceedings confirms that whereas DIOP'S Attorney, BARBARA KAUFFMAN, ESQ. requested a hearing in closed court to be able to cross-examine MARIN COUNTY CHILD PROTECTIVE SERVICE (CPS) worker MARIA AFFINITO, WOOD ordered her solo in-chamber interview of the CPS worker, AFFINITO, which prevented KAUFFMAN from cross-examining AFFINITO.

**MCHHS SOCIAL WORKER AFFINITO AND FCS MEDIATOR DR. GLORIA WU OVERLOOK CHILD'S COMPLAINT OF PHYSICAL VIOLENCE AGAINST OWENS**

61. Although Dr. Gloria Wu restated in her recommendation Social worker AFFINITO's report that Rahman complained that "... His father has spanked him" none of the services in charge of protecting Rahman took notice or connected the dot concerning OWENS's continuous physical abuse against Rahman.

**CONSPIRACY UNDER COLOR OF LAW AND THROUGH PURELY PRIVATE CONDUCTS SECTION 1985 (3) AND PERVASIVE VIOLATIONS OF DIOP'S CONSTITUTIONAL AND STATUTORY DUE PROCESS IN RESULTING FROM DIOP FALSE CRIMINAL PROSECUTION AND SOCIAL BLACKLISTING**

**DEFAMATION AND SLANDER**

62. HARTSHORN initiate a frivolous, unsubstantiated "Notice of Child Abuse Central Index Listing" leaving blank the field marked "date(s) and location(s) the alleged abuse or neglect occurred." In lieu of substantiating the field marked "the specific act(s) of abuse or neglect alleged against you is/are as follows:" HARTSHORN remains vague and over broad through his defamatory statement: "substantiated: severe neglect (Rahman Owens) (EXHIBIT --)

**MALICIOUS PROSECUTION**

63. EDWARD KIERNAN, maliciously prosecuted DIOP without any valid or credible evidence. His frivolous attacks of DIOP's character do not constitute any legal or factual basis for the severe neglect accusations against DIOP. From his denigration of DIOP's 911 call to his incongruous conclusion that as a custodial parent Defendant could not be committing kidnapping, KIERNAN is only motivated to make a case for the Health and Human Services against DIOP and not motivated to protect the child.

**CONCEALMENT**

64. KIERNAN knew or should have known that the District Attorney dismissed the criminal case against DIOP. However, KIERNAN willfully concealed known exculpatory evidence  as follows: if the DIOP was listed in the child abuse index for being arrested, then the prosecutors' dismissal of thr criminal case should amount to innocence. Instead, KIERNAN illegally attempted to beef up HARTSHORN's, the social worker's initial referral devoid of any tangible evidence, overly vague, and unsubstantiated blanket allegations of  "severe neglect".

**CONCEALMENT OF EXCULPATORY DISMISSAL OF THE CRIMINAL PROSECUTION**

65. JO McCORMACK Conducted a biased hearing from which DIOP was absent. He knew or should have known that the prosecutors dismissed the underlying criminal case against DIOP. Since the agency equated DIOP's arrest to child abuse then her release from the charges should amount to her innocence. Instead, Mr. McCORMACK chose to align himself with the agency's frivolous accusations against DIOP and as such he is a co-perpetrator of the malicious prosecution against DIOP.

**CONCEALMENT OF AGENCY RECORDS AND DEPRIVATIONS OF DUE PROCESS**

66. HEATHER RAVANI, in her capacity as the MCHHS' Director fraudulently validated the agency's illegal ruling even though she was aware of the lack of die process surrounding the hearing. She is equally responsible for concealment and malicious prosecution given her belated disclosure of agency record, of concealment of information and or of the introduction of surprise hearsay testimony and or evidence that were not disclosed to Tracy Barrett, Esq. who viewed the agency record on behalf of DIOP.

**DEFAMATORY AFFICAVIT WITHOUT SUBSTANTIATION**

**ABUSES OF PROCESS**

**COUNT 1: DEFAMATION**

67. HARTSHORN, through his Supervisor RAVANI, referred DIOP to the Child Abuse Index Registry without substantiation. HARTSHORN's accusation was overly vague and denotes a careless defamation of DIOP. The agency left blank the section "Date(s) and location(s)the alleged abuse or neglect occurred" (Notice of Child Abuse Central Index Listing, Page 1 of 1). The agency refused to cancel this overly vague inculpatory document nor to

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

33

1   provide any information to DIOP who immediately requested this.
    Instead, the agency remained mum and forced DIOP to take part in
2   an unconstitutional grievance process.

3
68. MCHHS SUPERVISORS erroneously or through abuse of discretion
4      failed to dissolve its charging affidavit when DIOP immediately
       objected to its "indefiniteness and uncertainty" not rising to a
5      valid cause of action **(EXHIBIT---)**.  The agency remained utterly
       secretive about disclosing any information except 10 day prior
6      to the hearing. This does not allow meaningful preparation to
7      defend against belated accusation.

8   **VIOLATION OF DUE PROCESS REQUISITES THROUGH MCHHS   "GUILTY BEFORE**
9   **PROVEN INNOCENT" SCHEME**

10  69. DIOP's blacklisting ahead of any evidentiary hearing set the
       stage for abusive due process violations. MCHHS uses public
11     resources to stage defamatory accusations, beef up its position
       through illegal undisclosed evidences while DIOP must face an
12     uphill battle to clear her name without financial resources.

13
    **DEFAMATION PER SE**
14
15  70. HADAR HARTSHORN issued a vague unsubstantiated and incomplete
       notice. He failed to substantiate his complaint for "severe
16     neglect" thereby drafting any meaningful rebuttal at the onset,
       except as the law provides, DIOP's challenge due to the
17     defective complaint. HARTSHORN refused to allow DIOP to bring
       support, including the Center for Domestic Peace advocates, at
18     the initial hearing. In this fashion, HARTSHORN could introduce
       illegal hearsay as he did later. HARTSHORN refused to
19     communicate with DIOP or the CENTER FOR DOMESTIC PEACE advocates
20     as he was only interested in establishing face time with DIOP in
       order to put words in her mouth.
21
    **CONSPIRACY TO DEPRIVE OF CIVIL RIGHTS**
22
23  71. THEREZA HIGUERA refused to allow DIOP extra time to prepare
       for trial. Even where she minimally extended by few days the
24     hearing, she refused to disclose any information to afford extra
       time to prepare a meaningful rebuttal. The hearing violates due
25     process predicates as it doe not provide for constructive notice
26     in time to defend the action when MCHHS holds on to the
       accusatory information until 10 days before the hearing.
27
28  **CONCEALMENT**

Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
34

72. HIGUERA is responsible for providing follow-up information to
DIOP refused to do so except 10 day prior to the hearing. Even
where she provided a brief extension of the hearing date, she
refused to disclose the inculpatory information and delayed its
disclosure as well. This secretive approach allows the AGENCY to
buy time to beef up HARTSHORN's trumpeted up vague and over
broad accusation of "substantiated severe child neglect".
HIGUERA refused to provide adequate time to prepare for the
hearing as TRACY BARRETT, ESQ. states: "We are not going to be
forced to go forward on the 10th, but they will not agree

**OBSTRUCTIONS OF JUSTICE**

COUNT 1: Due Process Violations

73. HIGUERA, HARTSHORN, AND RAVANI failed to release disclosable
information to DIOP at the onset upon DIOP complaint that the
accusatory notice of child abuse index listing was vague,
uncertain, and needed to be removed.

**MALICIOUS PROSECUTION AND ABUSE OF PROCESS**

In doing so, they violated rule 622 and should be deemed to
have illegally and maliciously prosecuted and defamed DIOP through
subsequent frivolous litigations aimed to allege surprise hearsay
at the hearing upon failing to disclose any evidence and testimony
10 days prior.

INEFFECTIVE ASSISTANCE OF COUNSEL

74. DIOP alleges that TRACY BARRETT, ESQ. (BARRETT), failed to
provide "reasonable competent assistance" pursuant to Strickland
and therefore did not safeguard DIOP's 6th Amendment Right.
BARRETT. BARRETT states via email:  she stated that the agency's
claim was baseless and subsequently confirmed her viewpoint as
follows:

"The meeting went pretty well - very well in some regards... I
am looking forward to giving you the details. Having seen
their "evidence" (or lack thereof) I feel more confident on
your behalf."(EXHIBIT --).

75. BARRETT rushed through the tasks s appeared at the hearing
against DIOP's request that she seeks a continuance only in
order to adequately prepare for trial instead of merely two

Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
35

1   weeks between getting a retainer and the date set for trial.
    BARRETT failed to object to additional undisclosed information
2   and hearsay testimony that she had not received at the time she
    reviewed the MCHHS's record.
3

4   COUNT 2:

5   76. She states upon viewing the "evidence" that MCHHS had nothing
    against me in a phone conversation and via email. However, she
6   fails to basic duty of care to ask for a copy, and statement of
    position that would have prevented the Health and Human Service
7   from introducing undisclosed disparaging hearsay information at
    the hearing. BARRETT, ESQ. defense for not safeguarding DIOP's
8   rights were to avoid coming across as too belligerent.
9

10  COUNT 3:

11  77. Fails to challenge belated surprise evidence presented at
    trial despite statements indicating that the proffered evidence
12  had not been previously disclosed when she reviewed the Health
    and Human Services' record. Per the Marin County Health and
13  Human Services' policy regarding "Examination of Evidence and
14  Disclosure of Witness" at Grievance Hearings:

15      "Failure to disclose evidence or witness list at least ten
16      (10) business days prior to the hearing can constitute grounds
        for objecting to consideration of the evidence at the hearing
17      or to the hearing testimony of a witness during a hearing."

18  78. However, the hearing record presents BARRETS's waiver of
    DIOP's appearance in lieu of securing a continuance, lacking
19  information to contradict the hearsay testimonies that she was
    not presented at the discovery stage, making illegal inferences
20  without consulting DIOP. Ms. Barrett "stipulated that if
21  present, the mother would testify consistent with what she told
    the social worker and law enforcement regarding the incident"..
22

23
    **COUNT 4: ILLEGAL REPRESENTATION IN LIEU OF REQUEST FOR CONTINUANCE**
24  **OR TO STEP DOWN PER DIOPS' REQUEST**

25  79. BARRETT's Due process violations include her failure to secure
26  continuance instead of appearing for trial within 2 weeks of
    reviewing the case. BARRETT unfamiliar with background issues
27  and testimonies and ignored DIOPS's request that she does not
    proceed with trial. On May 21, 2012, DIOP advised BARRETT, ESQ.
28
    Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
    Stay of All Actions pending change of venue outside of Marin County upon filing
    of third Amended Complaint including other Defendants - CV 12-06332 JSW

of their need to meet to discuss the case. DIOP advised Ms. Barrett that she was "severely" allergic. BARRETT, ESQ. noticed DIOP's debilitating allergy and sinusitis symptoms, when she met DIOP and merely took the $1,500 she requested to evaluate the case. BARRETT, ESQ. then sent DIOP off to rest without any substantial discussion or fact-finding.

80. Despite her symptoms, DIOP was also busy dealing with her son's year- end school work before visiting her ailing mother out-of-state. Ms. Barrett failed to seek a continuance and instead illegally waived DIOP's appearance at the hearing when DIOP gave her specific directions to not proceed unless thoroughly prepared and upon securing a continuance.  Instead, Ms. Barrett adopted the Health and Human Services' drastic schedule and fraudulently waived DIOP's appearance as the record indicates:

"Due to an illness in the family, Ms. Diop was not present for this hearing, but allowed her attorney to proceed on her behalf with specific stipulations that are cited under the section entitled, "Hearing Testimony Evidence".

COUNT 5:

81. Fails to obtains expert witness instead of providing her unqualified opinion to the agency's attempt to claim child was severely neglected where child's psychologist determined otherwise. MCHHS's inculpatory hearsay testimonies included their own arbitrary remarks about the child in lieu of the child's psychologist's contradictory assessment. Had this been disclosed, BARRETT, ESQ. should have at minimum subpoenaed the child's psychologist for her expertise or retained an independent expert to contradict the Health and Human Services' Self-serving determination to incriminate DIOP regardless of the existing evidence. The flip side of BARRETT, ESQ. failure to retain an expert is the fact that the evidence had not been disclosed prior to the hearing and she failed to take reasonable approach that a savvy counsel would have: to object to or move to strike introduction of the illegal evidence.

COUNT 6: Illegal failure to timely satisfy DIOP's request to obtain her file

82. BARRET, ESQ. deliberately failed to produce a copy that DIOP requested of her file. It took an inordinate amount of time for BARRETT, ESQ. to fulfill DIOP's request until DIOP was compelled

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

37

1   to show up at her office. BARRETT, ESQ. also failed to comply
    with DIOP's request that she obtains a copy of the Health and
2   Human Services' file.

3       Absent BARRETT, ESQ. noted Deficiencies, "there is a
4   reasonable probability that that the result of the proceeding would
    have been different" (Strickland, 6th Amendment).

5

6   **DECLARATORY RELIEF REGARDING THE MARIN COUNTY SUPERIOR COURT'S LACK
    OF JURISDICTION OVER DIOP IN SPITE OF ITS SUBSEQUENT COLLUSIVE ACTS
7   TO LEGITIMIZE DURYEE'S INITIAL UNCONSTITUTIONAL VOID DVTRO ORDERS**

8   83. DIOP's wrongful criminalization follows the court's attempt to
        illegally maintain jurisdiction over her and to destroy her
9       character as a result of her request for redress against their
10      collusive acts

11

12  **CONTINUOUS CIVIL RIGHTS VIOLATIONS OF STATUTORY AND CONSTITUTIONAL
    RIGHTS 42 U.S.C. §§1983, 1985, and 1986,**

13
14  84. OWENS escalated his false report of knife threat to seek
        domestic violence restraining orders. Judge Lynn Duryee granted
        the request despite her fiduciary conflict of interest as her
15      Husband's Law Firm represented Defendant. DURYEE issues Domestic
16      Violence Restraining Order (DVTRO) in conflict of interest as
        her husband's law firm r epresented Defendant, OWENS.

17
18  85. Judge Lynn Duryee recused herself after issuing the false
        DVTRO, wherefore, DIOP brought to Commissioner Beverly Wood's
19      attention her request to vacate Judge Lynn Duryee's void orders.
        This stirred quite an anger from Commissioner Beverly Wood,
20      whose friendship with Judge Duryee stems from their husband co-
        ownership of Freitas.
21

22  86. Naturally WOOD refused to perform the very judicial acts that
        she assumed. Although she forcefully remained in the case
23      despite various violations, it  turned out that her stranglehold
        of the case was merely to fervently continue to favorably
24      adjudicate for Defendant Richard Meredith Owens. WOOD's
        impartiality stems from her fiduciary interest in the FREITAS
25      law firm where both her husband and Judge Lynn Duryee are
        partners. Hence, WOOD refused remedy the fact that OWENS misled
26      DURYEE into granting his request fir DVTRO that illegally
27      evicted DIOP and her son from the family residence into

28
Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
38

1  homelessness while preventing DIOP from leaving the State of
2  California with her son.

3  **CONTINUOUS CIVIL RIGHTS VIOLATIONS OF STATUTORY AND CONSTITUTIONAL**
4  **DUE PROCESS RIGHTS UNDER THE 5th and 14th AMENDMENTS**

5  COUNT 1: Conspiracy to Deprive DIOP's Civil Rights Through Falsely
6  Assumed Jurisdiction Upon the Concealment of Fiduciary Interests

7  87. Judge Lynn Duryee's Husband is a co-owner of Freitas,
    McCarthy, McMahon Law Firm. This firm's attorney, Alexandra
8  Quam, Esq. represented Defendant Richard Meredith Owens in our
9  Family Law Case: FL064080 at the Marin County Superior Court.
    Judge Lynn Duryee issued of a domestic violence restraining
10  order against DIOP while her husband's Law Firm, through its
    attorney Alexandra Quam, represented Defendant, Richard Meredith
11  Owens. Judge Lynn Duryee failed to disclose her fiduciary
    interests prior to issuing the orders, granting the Domestic
12  Violence Restraining Orders, which included the illegal eviction
13  of DIOP and her minor son from the Family residence and into
    homelessness. Judge Lynn Duryee failed to disclose her fiduciary
14  conflict of interests and to disqualify herself ahead of her
    favorable adjudication for her husband's client. As such, she
15  violated the Code of Judicial Conduct issues Domestic Violence
    Restraining Order (DVTRO) in conflict of interest as her
16  husband's law firm represented Defendant, RICHARD MEREDITH
17  OWENS.

18

19  **HUMAN RIGHTS VIOLATIONS**

20  **WRONGFUL INTERFERENCE WITH ECONOMIC ADVANTAGE,**

21  88. DIOP graduated from New York University, Magna cum Laude. As a
22  direct result of Judge DURYEE's issuance of a false domestic
    violence restraining order to Defendant, DIOP was forced out of
23  the family residence into homeless shelters. DIOP was thereby
    cut from her employment searches and trusted in homeless
24  shelters, while forbidding her from leaving the State of
25  California.

26

27

28
Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
39

**COUNT 1: VIOLATION OF JUDICIAL OATH THROUGH VIOLATION OF DISQUALIFICATION RULES REQUIRING DISCLOSURE OF FIDUCIARY CONFLICT OF INTEREST.**

89.  Judge DURYEE's void orders have illegally set the stage for the multiple violations against DIOP. Judge DURYEE favored OWENS in concealment of Fiduciary conflict of interest with attorney Alexandra Quam who represented Defendant Richard Meredith Owens a client of the Freitas, McCarthy, McMahon where Judge DURYEE's husband is a partner.

**DECLARATORY RELIEF AGAINST DURYEE VOID ORDER IN CONFLICT OF INTEREST**

$455. Disqualification of justice, judge or magistrate judge

a. Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

b. He shall also disqualify

c. (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject mater in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

d. (5) He or his spouse, or a person within the third degree of relationship to either of them, or a spouse of such a person:

e. (i) is a party to the proceeding, or an officer, director, or trustee of a party;

f. (ii) is acting as a lawyer in the proceeding;

g. (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

h. (iv) is to the judge's knowledge likely to be material witness in the proceeding

i. A judge should inform...

90.  Despite all the above guidelines, neither Judge DURYEE whose husband is a partner at FREITAS, nor OWENS's who was working for FREITAS raised their known conflict of Interest before the issuance of the DVTRO that threw DIOP and her 16 months old son out of the family residence and into homeless shelters, namely the Homeward Bound and the Marin Abused Women

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

40

**FAILURE TO ACT WITH INTEGRITY AS OFFICER OF THE COURT, TO DISCLOSE CONFLICT OF INTEREST, CONSPIRACY TO SEEK FAVORABLE RULING FROM JUDGE DURYEE DOUBLING AS EMPLOYER'S WIFE. DUTY TO DISCLOSE ILLEGAL FACTS TO PROTECT DIOP'S RIGHTS TO DISQUALIFY CONFLICTED JUDICIARY, CONSPIRACY TO DEPRIVE DIOP OF PEACEFUL OCCUPANCY OF HOUSE; RICO BENEFITING FORMER FREITAS EMPLOYEE PROMOTED IN COURT POSITIONS TO PERPETRATE THE MONOPOLISTIC FREITAS PRESENCE IN THE COURT.**

91. ALEXANDRA QUAM, FORMER FREITAS ATTORNEY AND FAMILY LAW FACILITATOR. ALEXANDRA QUAM, ESQ. who represented RICHARD MEREDITH OWENS, with DURYEE, presiding, worked for DURYEE'S husband's law firm: FREITAS McCARTHY McMAHON (FREITAS). DURYEE failed to disclose her fiduciary conflict of interest with FREITAS before issuing the DVTRO against DIOP that deprived her of the peaceful occupancy of the family residence into homelessness with her then 16 month old son (EXHIBIT -- ). QUAM, ESQ. failed to disclose her conflict of interest with DURYEE when she appeared for OWENS while working for DURYEE's husband's law firm: FREITAS.

**92.** Per OWENS, QUAM counseled him to evict DIOP and her 16 months old son before appearing with OWENS in Judge DURYEE's courtroom to obtain a DVTRO knowing that her request would be granted because she worked for Judge DURYEE's husband's law firm: FREITAS. As such, QUAM, ESQ. failed to adhere to the code of Ethical Conduct.

**93.** QUAM was subsequently promoted as the MARIN COUNTY FAMILY LAW FACILITATOR, owing to her ties with the FREITAS law firm, which maintains a monopolistic position in the MARIN COUNTY SUPERIOR COURT. As such, DIOP is precluded from benefiting from the center's assistance to low income people since various judicial officers, especially, WOOD and HEUBACH refused to adhere to family law code section 2030 and 2032 to order OWENS to pay DIOP's attorney fees

**DEFAMATION**

94. The Defendants individually and their official capacity perpetrated various acts that illegally tarnishes DIOP's record both for the false arrest and even worse, blacklisting in child abuse central index. These character assassination against DIOP have no legal basis except to prevent DIOP from shedding light on their collusive abuses.

   to go beyond the 15th." (EXHIBIT 87).

**SELECTIVE APPLICATION OF PROSECUTORY TOOLS TO FALSELY INCRIMINATE DIOP WHILE FAILING TO PROSECUTE OWENS'S BLATANT AND REPEATED CRIMES**

**95.** Whereas the MVPD AND MCDA prosecuted DIOP over OWENS's rekindled false accusations of domestic violence, the DA remained unwilling to prosecute OWENS for anything, be it assault and battery upon DIOP and the minor child, trespassing with breaking and entering, child kidnapping, domestic violence, Misdemeanor PC 148.5 for falsely accusing DIOP of threatening to kill him with a kitchen knife. DIOP highlighted various failures to prosecute OWENS whether for his crimes against DIOP or the child. MCHHS for its failure to blacklist OWENS for his multiple child sexual and physical abuses or over DIOP, while blacklisting DIOP upon taking OWENS's parodied false assault allegations against DIOP at face value.

INITIAL DISCLOSURES REGARDING DIOP'S COMPLAINT FOR CONTINUOUS CIVIL RIGHT VIOLATIONS GIVING RISE TO NEW DEFENDANTS AND CAUSES OF ACTIONS SUCH AS RICO UPON LEAVE FROM THE COURT TO AMEND OR BETTER YET TO FILE A NEW COMPLAINT THROUGH COMPETENT ATTORNEY AND CONSOLIDATE IT TO THIS COMPLAINT AS DIOP AIMS AT THIS POINT TO SIMPLY INFORM THE COURT OF INTERVENING PERTINENT ISSUES

**CONSPIRACY TO DEPRIVE OF CIVIL RIGHTS THROUGH PURELY PRIVATE FRAUDULENT CONDUCTS AND MALICIOUS TACTICS SECTION 1985(3)**

96. DIOP has a valid defense against the Dismissal of her related civil complaint and provides the information contained in her application to vacate the dismissal order, reinstate her civil lawsuit with leave for further proceedings, and reschedule a new jury trial. The dismissal order is void due to fraud on the court including CHERNUS's participation in the fraud through conspiracy in conflict of interest.

**ABUSE OF CUSTODY PROCEEDINGS TO SABOTAGE DIOP'S CIVIL CASE**

97. These are the governing status quo by which WOOD prejudicially continues to maintain a stranglehold in the custody case. Most recently, as OWENS continued to solicit her support against a civil complaint that DIOP had filed against him for his tortuous acts, WOOD manipulated her previous vacation orders to match OWENS's suggestion that this force DIOP, who had been hospitalized in New York and undergoing follow-up treatments to return to MARIN if she wanted to spend her summer vacations that WOOD initially ordered to take place in New York. KAUFFMAN, ESQ. alerted the court that WOOD's ordered could be viewed as a

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

42

1   manipulation of Civil proceedings. In fact, this did authorize
    OWENS's attorneys to fraudulently set in place various false
2   accusations that they served DIOP with deposition notices and
    interrogatories for which they sought various ex-parte requests
3   to compel or for sanctions in DIOP's absence in order to
4   fraudulently dismiss the civil jury trial that was set for
    September 3, 2013.

5

6   **CONSPIRACY WITH OWENS'S COUNSEL TO INTERFERE WITH DIOP'S CIVIL CASE**

7   98. It is noteworthy here given that DIOP included her civil
    complaint to her Federal complaint that DIOP seeks this court's
8   equitable power to reinstate DIOP's Civil Complaint because the
    Civil court lacked jurisdiction in issuing the underpinning
9   order granting reopening of discovery 3 months before trial
10  without due process to DIOP. Thus, the court should proceed with
    the continuity alleged in this complaint sharing causes of
11  actions cited in the civil action.

12  **CONSPIRACY FROM DON LESSER, ESQ.**

13  99. By mean of a quick background, Opposing Counsels notified
    DIOP's attorney of their ex-parte request to reopen discovery
14  after DIOP provided a substitution of attorney to represent
    herself. The attorney failed to alert DIOP of the ex-parte
15  proceeding and scheduled a date that he knew directly conflicted
16  with DIOP's availability (*EXHIBIT --* ). Lesser's implication
    denotes OWENS's bribery ever since he started appearing ex-parte
17  without notifying DIOP and continuing to do so over DIOP's
18  request.

19  **CHERNUS'S ORDER REOPENING DISCOVERY WAS OUT OF JURISDICTION FOR
    FAILURE TO SERVE DIOP AND TIMELY NOTIFY HER OF THE PROCEEDINGS**
20

21  100. Hence, DIOP could not oppose the motion on a shortened time
    that she was not aware of. To cure this service deficiency,
22  Opposing Counsels mailed a notice to DIOP of non-opposition of
    their motion, that they did not include in the correspondence.
23  In reality they also knew that DIOP would be unavailable on the
24  day they set in court as this was the date that they requested
    to reschedule a settlement conference and DIOP told to her
25  attorney that she would be unavailable. Hence, DIOP rushed to
    the hearing without any information or adequate notice to defend
26  against the action in violation of her Due Process: "required
27  statutory provision for notice and hearing. It has been held
    that the statute itself must provide for notice and hearing, and
28

Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW

1       that the absence thereof is not cured by extraofficial or casual
      notice, or a hearing granted as a matter of discretion"
2       (Adequate notice and hearing [$658]".

3 101. Judge CHERNUS's convenient granting of the motion reopening
4      discovery should fail either through his own correction of his
     error or through collateral attack.  To the extent that it was
5      improperly used to subsequently dismiss the civil case
     underpinning the continuity of this action, DIOP seeks the
6      court's equitable power to not strip the present complaint of
7      elements contained in the civil lawsuit and to Stay the present
     action as necessary in time for a reinstatement of DIOP's
8      related civil case CIV 085835.

9 **LESSER'S INNEFECTIVE ASSISTANCE IN REFUSING TO SEVER THE CAUSES OF**
10 **ACTIONS AS REQUESTED AND ATTACH THEM TO DIOP'S FEDERAL COMPLAINT**

11 102. In fact, to avoid prejudice, DIOP had requested her former
     civil attorney to sever those causes of actions from the civil
12      case and consolidate those with the Federal case (**EXHIBIT--** ).
     However, this request fall on deaf ears as he was more concerned
13      about coaxing DIOP to simply dismiss them herself in par with
14      OWENS's demand upon apparently buying out the attorney as he
     said he would if DIOP did not want to deal with him and drop her
15      attorney.

16 **LESSER'S CONSPIRACY TO SABOTAGE DIOP'S CIVIL LAWSUIT UPON FAILING TO**
17 **TIMELY FILE MOTION TO SEVER AND MAKING LAST-MINUTE THREATS TO DROP**
**OUT OF THE CIVIL CASE UNLESS DIOP DISMISSES THE CAUSES OF ACTIONS**
18 **GIVING RISE TO DEFENDANTS' CONTINUOUS CIVIL RIGHT VIOLATIONS**

19 103. LESSER never mentioned the ex-parte request over discovery and
20      unilaterally appeared on behalf of DIOP without notice to DIOP,
     even after she provided to him the substitution of attorney that
21      he demanded at the wake of triaL. LESSER treatened to drop out
     if DIOP refused to drop her Federal lawsuit and all civil causes
22      of actions other than the Herpes case against OWENS (CIV085835).
23      Lesser than allegedly casually informed DIOP about his
     unilateral ex-parte appearance via email that DIOP did not
24      receive. LESSER violated the rule that he must obtain DIOP's
     approval before serving her anything via email. LESSER failed to
25      give a courtesy phone call to DIOP alerting her of emailing her
26      time-sensitive documents. Lesser agreed to schedule the response
     date on the very day that both he and Opposing Counsels knew
27      that DIOP previously stated her unavailability ahead of the
     discovery proceedings.

28

Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
44

**AAA ATTORNEYS SLAPP SUIT WITHOUT ANY COMPANY LIABILITY CALCULATED TO OBSTRUCT THE JURY TRIAL THROUGH ILLEGAL DISCOVERY ORDERS**

**ABUSE OF DISCOVERY TO HARASS DIOP AND SABOTAGE THE JURY TRIAL SET 3 MONTHS AWAY.**

**OPPOSING COUNSELS ATTEMPTED TO CURE THEIR UNNOTICED MOTION THROUGH FALSE REPRESENTATION THAT IT WAS AN UNNOPOSED MOTION**

*104.* A couple days before the June 5, 2013 hearing, Opposing Counsel's sent to DIOP a notice of unnoposed motion to reopen discovery still without serving DIOP with their initial motion or the ensuing order. The jurisdictional defects could not be cured this way as DIOP walked to the hearing without due process knowledge of what was pleaded in the moving papers. Opposing Counsels abused the discovery with the complicity of CHERNUS. According to LESSER, Opposing Counsels were not accepting liability for any part of DIOP's complaint, wherefore, AAA insurance only provided the attorneys for the purpose of forming a collusive deterrent SLAPP action to undermine DIOP's claim. Contiguously OWENS said he would buy out LESSER if DIOP did not want his low settlement offer from all his tortuous acts and willful HERPES transmission to DIOP. OWENS admitted in writing to have contracted the incurable illness through "a rich socialite girlfriend".

**JUDGE CHERNUS LACKED JURISDICTION TO ISSUE THE BLANKET DISCOVERY ORDER WITHOUT STATUTORY AND CONSTITUTIONAL DUE PROCESS REQUISITES AND SUBJECT TO BE VACATED UNDER FEDERAL RULE 60**

105. The evidences include and are not limited to the following:DIOP's medical record showing opposing party OWENS and his attorneys' violation of Rule 3.3 (Candor Towards the Tribunal) which requires the following:

Opposing Counsels, Stuart Gilliam (GILLIAM), Thomas Gelini,( GELINI), Russell Marne (MARNE), concealment of material fact or law to the tribunal

OWENS fails to disclose a material fact and knowingly makes false statements.

GILLIAM and GELINI offer evidence known to be false by omission of material fact concerning DIOP.

Judge Paul Hakeenson hired Freitas McCarthy law firm for his

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

45

retention election such that he immediately granted the first of Opposing Counsel's disingenuous so-called discovery compliance enforcement in DIOP's absence.

Opposition knew about DIOP's illness and either chose to disparage her or to proceed upon concealing DIOP's illness "Rapleya v. Campbell CCP 473(b) attorney error.

Opposition " shall not disregard the right of the opposing party or counsel stated discovery abuse ".

Record of Family Law Proceedings confirming that Defendant Richard Meredith Owens was aware of DIOP's illness and out-of-state location

DIOP's Mother's Affidavit showing her disclosure of DIOP's illness to the Defendant Richard Meredith Owens, to his Attorneys, to the Court Clerk whom told her that the case will not proceed with DIOP, among other pertinent testimonies.

Declaration of Barbara Kauffman, Esq. DIOP's Family Law Attorney, who notified  OWENS's attorney Russell Marne about DIOP's illness.

DIOP's request for a Mea Culpa Declaration from her former Counsel regarding his mistake, inadvertence, excusable neglect, or other reasons  resulting in his scheduling responsive declarations in direct conflict with DIOP's known unavailability.

Former Counsel's failure to give prompt attention to DIOP's suggestion for a motion to sever the Civil right components of DIOP's civil complaint and consolidate those with the Federal Complaint to avoid prejudice and alleviate Counsel's load.

Former Judicial Officer's statement denying Opposing Counsel, MARNE's attempts to disparage DIOP's complaint to shy away from trial.

Disqualification request against Judge Chernus including his non-disclosed acquaintance with Russell Marne to whom he returned favors owing to Marne's endorsement in the news paper.

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

46

DIOP's Mother's call to Stuart Gilliam advising of DIOP's illness and follow-up medical treatments in New York, and local contact information whereas Gilliam allegedly and illegally continued to contact Diop in her Marin contact information to feign that he could not reach DIOP ahead of seeking illegal ex-parte orders.

DIOP's Mother's call to CHERNUS's secretary advising of DIOP's illness and follow-up medical treatments in New York, wherefore he asserted that the case will not move forward without the parties being present

**CONSPIRACY AND FRAUD ON THE COURT TO ISSUE ILLEGAL ORDERS CALUCULATED OVEREXTENT THE COUT'S ILLEGAL JURISDICTION THROUGH IMPEDIMENTS OF DIOP'S HUMAN RIGHTS AND FREEDOM**

106. Defendant VERNA ADAMS, MARIN COUNTY SUPERIOR COURT JUDGE and INDIVIDUALLY, hereinafter(ADAMS) is cited for her violation of DIOP's due process rights hosting illegal ex-parte hearing for OWENS related in DIOP and KAUFFMAN's statements of disqualifications.

107. ADAMS was privy to OWENS's false police report that DIOP came at him with a knife as she presided at trial when DIOP's attorney, Barbara Kauffman obtained OWENS's judicial admission that he lied about DIOP threatening to kill him with a kitchen knife (EXHIBIT 23: trial transcripts showing OWENS's judicial admissions of perjury false police report of domestic violence to MVPD, and ensuing perjury in seeking a false DVTRO from DURYEE based in his false police report.

108. In excusing these perjuries, ADAMS facilitated OWENS's further perjury leading to DIOP's false arrest. ADAMS failed to grant DIOP's previous requests for restraining order (DVTRO) and dissolved another one that Commissioner Randolph Heubach issues based on his eye witnessing OWENS's aggressive try in court (EXHIBIT --).

**MALICIOUS PROSECUTION AND ABUSE OF PROCESS**

109. ADAMS's disingenuous trial order was an illegal extrajudicial scheme calculated to overextend DURYEE's illegally conferred jurisdiction through a false DVTRO for OWENS, her husband's lawfirm's client.

110. ADAMS failed to abide by disqualification rules when she ordered DIOP, a pro per litigant, to report to WOOD's courtroom where, through legal treachery that DIOP was unaware of. ADAMS

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

47

designated WOOD to maintained a stranglehold in DIOP's custody
case to carry out the legal torch (or more appropriately
treachery). ADAMS was supposed to alert the presidning judge
upon receiving DIOP's statement of disqualification. Instead she
had illegal ex-parte communication with WOOD and attempted to
misrepresent that she did not. Wood carried out favoritism and
bias against DIOP.

**ADMINISTRATIVE MALFEASANCE THROUGH THE LEGITIMIXATION OF DR. WU'S
FRIVOLOUS CHANGE OF RECOMMENDATIONS DESPITE TRIAL EVIDENCES
DISPORVING WU'S TWO CONTENTIONS FOR DRASTICALLY ALTERING HER
REPORTS**

111. ADAMS was aware of the recommending mediator, Dr. Gloria Wu's
     mishandling of DIOP's case in her capacity as a recommending
     mediator for the court. ADAMS was privy to Dr. Wu's errors in
     her sudden change of recommendation to favor OWENS when he hired
     the chair person of the Marin County Bar Association, Family Law
     Division as his lawyer. ADAMS heard Wu's testimony of
     malfeasance first hand as she forced DIOP to represent herself
     in the first 4 days of a multiple-day trial because she only
     awarded an insufficient $5,000 retainer that attorneys rejected.
     Hence, DIOP had to examine Dr. WU at trial, which continues to
     cause WU's retaliations against DIOP.

112. KAUFFMAN, Esq. stepped in emergency to assist DIOP through this
     legal ordeal thereby facing ADAMS's quintessential personal rift
     against her. Hence, ADAMS remained mostly numb to the
     substantial evidence disproving WU's recommendation regarding
     the two points that she used to drastically modify her second
     favorable full custody recommendation for DIOP. Among the
     relevant trial exhibits, Adams witnessed OWENS violating a
     custodial order trifold against OWENS having Rahman that day,
     any overnight visit with Rahman, or taking him on the boat
     **(EXHIBIT---)**. Sausalito Police report upon fetching the child
     from OWENS's boat and establishing that OWENS had not been
     maintaining a land-based housing. OWENS trial testimony that he
     had a sick Rahman hanging around and taking naps in his car
     seat; testimony from the landlord that rented a room to Owens
     that he did not use.

113. Also defeating WU's flip-flopping recommendation was the fact
     that through Martin Blinder expert testimony and Attorney
     KAUFFMAN's investigation that OWENS was not properly filing out
     his prescriptions and therefore non-complaint with his medical
     regimen, ADAMS concluded through a ludicrous and paradoxical

Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
48

1  ruling: OWENS was not fit to have a single overnight but to
2  maintain a stranglehold against DIOP, ADAMS also mad a caveat
   that if DIOP moved away then OWENS would be suddenly fit to have
3  full custody.

4  **TAMPERING WITH EVIDENCE TO YIELD DESIRED PREJUDICIAL RULINGS**

5  114. ADAMS manipulated rule of evidences depending on the result she
        sought as Barbara Kauffman showed in connection with the expert
6       evidences she excluded in Yupa Asuwassuksant's case while taking
7       in police reports in DIOP's case merely because the Mediator had
        reviewed those (**EXHIBIT---**). ADAMS ruled that OWENS's bipolar
8       disorder was not under check as he wanted to court to believe.
        Added to the Sausalito Police  report, ADAMS witnessed that both
9       WU's contentions for suddenjly changing her recommendation that
        DIOP gets full custody to a shared custody were sham. Yet, ADAMS
10      ruled incongruously that the child could not spend a single
11      overnight with OWENS who is mentally ill, however she showed
        that she only aimed to keep DIOP illegally in MARIN in ruling
12      that OWENS would have full custody is she moved.

13 **DR. GLORIA WU, FAMILY COURT SERVICES MEDIATOR AND INDIVIDUALLY
14 NEGLECTFULLLY ISSUED THREE CUSTODY RECOMMENDATIONS IN A SHORT SPAN
   IN VIOLATION OF HER DUTY OF CARE, PROFESSIONAL ETHICS, THROUGH FRAUD
15 AND CONFLICT OF INTEREST WITH BAR ASSOCIATION CHAIR BETH JORDAN
   DOUBLING AS OWENS'S TRIAL ATTORNEY**
16

17 115. Additionally, as OWENS requested full child custody in
        pleadings referencing to the present federal complaint including
18      co-Defendants WOOD and recommending mediator WU, retaliations
        have already taken place and are likely to continue thereby
19      needing this court's equitable injunction to change venue as
20      various other officers are·cited in this complaint.

21 **NEGLIGENT AND DELIBERATE FAILURE TO CONDUCT INVESTIGATION BEFORE
   ISSUING CUSTODY RECOMMENDATIONS**
22

23 116. WU, a recommending mediation at the Marin County Superior Court
        committed multiple detrimental administrative malfeasance that
24      DIOP unveiled when she examined her, as a Pro Per, at a child
        custody trial. WU excluded DIOP from her initial erroneous
25      custody recommendation while DIOP became homeless upon OWENS
        illegally evicting her and her son from the family residence
26      through a false claim of domestic violence against him when DIOP
        called 911. WU then corrected her recommendation upon
27      interviewing DIOP to recommend that she regains full custody.
28

Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
49

**WU'S NEGLIGENT ALTERATION OF SOLE CUSTODY RECOMMENDATION TO DIOP UPON HER COMPLICITY IN CONFLICT OF INTEREST WITH OWENS'S LAWYER DOUBLING AS MARIN COUNTY BAR ASSOCIATION FAMILY LAW DIVISION CHAIR**

117. As OWENS continued to use WU's disparaging first recommendation, DIOP examined WU at trial and obtained her confessions of improperly investigating the case before her first recommendation. This was recipe for further retaliations against WU as DIOP's complaints to her manager and the court were ignored or improperly disposed of so that WU can simply say that the matter had been adjudicated.

WU's deliberate sudden changed her favorable corrected recommendation that DIOP regains full custody to rest abolish joint custody was frivolous and merely due to OWENS's new attorney, Beth Jordan. At trial Wu asserted that she changed her recommendation a third time because father had addressed two major concerns: treating his bipolar disorder and finding land-based housed.

118. Both of these claims were disproved at trial when OWENS violated the court order to not take Rahman on board his boat. The Sausalito police fetched the child from Owens's boat in the midst of the trial and discovered that OWENS who rented a room actually spent his time on the boat with the child when he is not letting him have naps at the back seat of his car (EXHIBIT 27). As for OWENS's bipolar disorder for over 25 years, ADAMS concluded that OWENS was not managing it when DIOP's attorney established those evidences where WU had prejudged OWENS's mental stability.

**CONSPIRACY BETWEEN ADAMS, WU, JORDAN TO ISSUE PREJUDICIAL ORDERS TO PERPETUATE THE COURT'S LACK OF JURISDICTION AND ILLEGALLY SUBJECT DIOP TO UNNECESSARY PROCESSES**

119. Notwithstanding Wu's illegall alteration of her recomendation without valid reasons in conflict of interest with JORDAN, ADAMS maliciously forced DIOP to remain in California, thereby building on the initial illegal restraining order that OWENS obtained from DURYEE to both throw DIOP and her son into homelessness and prevent them for relocating.

**RETALIATIONS**

120. Dr. Wu's retaliatory practices consisting of maintaining the status quo against DIOP are far-reaching. In connection with

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

50

DIOP's false arrest, Dr. Wu failed to refer to OWENS's known perjury who showed to her fabricated picture allegedly about the incident he falsely reported to police that DIOP threatened to kill him with a kitchen knife.

121. Dr. Wu however only recommended to maintain the status quo of Rahman being in the temporary custody of OWENS, pending the criminal proceedings. As such, Dr. WU was essentially hoping for the Damocles sword to fall on DIOP as WOOD staged DIOP's possible incarceration in erecting all the red flags against DIOP: 3 years restraining order without any hearing in opposition and ankle bracelet.

**OWENS SOLLICITS WU'S RETALIATION UPON RECEIVING THE FEDERAL COMPLAINT**

122. It is noteworthy that Richard Owens previously solicited Family Court Services' involvement through illegal ex-parte communication. Ms. Kauffman inquired about the irregularities surrounding the mediation referral and questioned the impropriety of the mediation where DIOP has complained about Dr. Wu and subsequently listed her amongst the Defendants in the present Federal Complaint (**EXHIBIT---**).

**BETH JORDAN, ESQ., FORMER MARIN COUNTY BAR ASSOCIATION CHAIR OF THE FAMILY LAW DIVISION DOUBLING AS OWENS'S CHILD CUSTODY ATTORNEY**

123. JORDAN uses her clout as the Chair person of the Marin County Bar Association's Family Law Division to obtain a hasty change of recommendation for OWENS whom she represented at trial against DIOP, whoM ADAMS forced to be in Pro Per for the first 4 days of trial. KAUFFMAN related a conflict of interest between JORDAN and WU that suggests favoritism and subordination of child welfare to personal conflicts of interests.

**RANDOLPH HEUBACH ILLEGALLY CARRIED WOOD'S MISSION THROUGH ILLEGAL RELIANCE ON HER DEFAMATORY ORDERS AND EX-PARTE CONSULTATION WITH WOOD FAILING TO ASSUME HIS JUDICIAL ROLE RATHER THAN MIRRORING WOOD'S PREJUDICIAL ORDERS**

124. HEUBACH is responsible for carrying out WOOD's plans for character assassination against DIOP. After he inherited the child custody case from WOOD, he implemented her attempt to depict DIOP a parent alienator. Wood had prejudged all abuse

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

51

cases against OWENS as unfounded upon obstructing justice at various junctures to sabotage the examination of child protective services at a DVTRO trial.

125. HEUBACH was fully aware of OWENS's wrath at the hearing such that he failed to apply any precautionary measure for DIOP to be present at the hearing just 5 days after his adverse custodial order when OWENS seeks temporary full custody after he had DIOP arrested. Instead, HEUBACH misrepresented that he tried to get DIOP at the hearing to no avail, which was not the truth and violated DIOP's right to notice and opportunity to be heard instead of changing custody to OWENS on an ex-parte basis.

OBSTRUCTION OF JUSTICE THROUGH FAILURE TO ADHERE TO FAMILY CODE SECTIONS 2030 AND 2032 TO PROVIDE ATTORNEY FEES AND THROUGH MISTREPRESENTATIONS THAT OWENS COULD NOT AFFORD MINOR COUNSEL'S FEE USURPATING COUNTY MONEY TO COVER FOR OWENS'S LEGAL COSTS

126. HEUBACH previously misrepresented that OWENS could not afford any payment towards the minor counsel and made the County Pick up the tab although he knew that OWENS WAS A Multimillionaire and the County was having furlough days to address its financial deficit.

127. HEUBACH, who had inherited the case from WOOD also refused to grant any legal fees to DIOP who remained in Pro Per, through prejudicial custody proceedings in which he transferred custody to OWENS. All the while, HEUBACH ordered that that the Marin County Courts pick up the tab for the Child Attorney that he appointed. HEUBACH, falsely asserted that OWENS, whom he knows is wealthy through former child support proceedings that he presided over, could not afford to pay any of the Child's Attorney fees at a time when the Courts implemented furlough days to cut corners as a result of a supported budget deficit.

128. Prior to this, Judge ADAMS also denied DIOP's access to a lawyer as she only ordered a basic $5,000 for a multiple-day custody trial while most attorneys do not take less than $10,000 retainer merely for regular law and motions proceedings. As such, DIOP had to represent herself during the first 4 days of a custody trial, while OWENS paid hefty fees to Beth Jordan, Esq. his well-connected attorney and then chair of the Marin County Bar Association, Family Law Division. OWENS also retained a well-known Expert, Dr. Margaret Lee. DIOP had to examine her as well as Dr. WU, the recommending mediator, which reflect a very

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

52

1  imbalanced playing field when DIOP is not an attorney and even
   if she was, she would have nonetheless needed an attorney.

2

3  **RANDOLPH HEUBACH PERJURY AND MISREPRESENTATION OF FACTS AND**
   **DEPRIVATION OF DIOP'S CONSTITUTIONAL DUE PROCESS TO NOTICE AND**
4  **OPPORTUNITY TO BE HEARD**

5  129. After multiple illegal acts against DIOP, HEUBACH issued an
6       order giving DIOP primary custody of Rahman Owens when OWENS
        attempted to alienate DIOP from raising Rahman Owens. However,
7       Four days after HEUBACH gave temporary full custody to OWENS who
        appeared ex-parte to misrepresent that DIOP committed domestic
8       violence against him and was arrested. OWENS's notice clearly
        indicates that he is aware that DIOP Was arrested and therefore
9       was not calculated to give her proper notice before securing the
10      drastic order transferring custody.

11 130. While the Marin County Rules of Court requires a party seeking
        exparte relief to give 24 hours notice before 10 am the previous
12      day, OWENS gave the following notice to DIOP at 9PM: "I will be
        in court tomorrow morning seeking full custody of Rahman. If you
13      are out of jail by then, you need to appear" **(EXHIBIT--)**. Two
14      days later, DIOP attempted to vacate the illegal order violating
        her constitutional due process as she was deprived of adequate
15      notice and opportunity to be heard in opposition before the
16      deprivation of her rights.

17
   **FRAUD ON THE COURT THROUGH HEUBACH'S MISREPRESENTATION OF FACTS**
18

19 131. HEUBACH misrepresented:
        "Rama, in fact I inquired as to whether you could be made
20      available on that day [...] That wasn't possible and it
        wouldn't have been possible for him to have given you timely
21      notice of that exparte given the circumstances that brought him
        in on Tuesday transpired in the afternoon, Monday afternoon"
22      **(EXHIBIT )**. HEUBACH's misrepresentation was laid bare upon DIOP
23      securing the transcript of OWENS's exparte proceeding for
        temporary change of custody.

24
25 132. HEUBACH knew that DIOP would be available in the afternoon for
        arraignment proceedings and that prior to this, the Bailiff
26      offered to produce Diop later in the day as follows: "" (EXHIBIT
        65 ).In reality, there was no emergency since the police had
27      placed Rahman with OWENS upon falsely arresting DIOP, that OWENS
        was privy to the fact that he needn't rush in for. Change of

28
Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
53

custody, which he illegally effected by fraudulently placing DIOP under custody, and that HEUBACH was fully aware of OWENS's voiced displeasure with his order increasing DIOP's custodial time four days prior to OWENS's claim that DIOP perpetrated crime against him to twist HEUBACH's hand and obtain a diametrically opposed order, the one he unsuccessfully demanded despite his custodial unfitness.

**ARBITRARY EXERCISE OF GOVERNMENT POWERS AND SELECTIVE APPLICATION OF RULES AND PROCEDURES TO INCRIMINATE DIOP WHILE EXONERATING OWENS**

133. DIOP's false arrest illustrates the discriminatory practice and racial profiling against her person. When the minor Child complained of abuses from OWENS the MCHHS failed to prosecute Defendant and did not list him in the child abuse central index. When OWENS perpetrated domestic violence against the DIOP, Defendant was not referred for severe neglect.

134. However, when OWENS complaints of domestic violence from DIOP, the MCDA promptly criminally prosecuted DIOP and the MCHHS steadfastly socially blacklisted. MCDA typically rejected all referrals whether to protect the minor child against OWENS's crimes, or to prosecute OWENS, when he battered DIOP, violated standing DVTRO, or trespassed and burglarized her home after an adverse court appearance. Over the years, DIOP endured various crimes from Owens that she documented, whereas OWENS was given benefit of doubt and left to further abuse DIOP and the minor child. MCDA failed to prosecute OWENS for the charges that MVPD Officer Kollerer classified as 242'PC - Battery upon the child, Rahman Owens, or battery upon cohabitation against DIOP. However, as soon as OWENS accuses DIOP of Battery after she called 911 for her protection, the District Attorney unleashed multiple criminal prosecutions against DIOP after her release from the Marin County Jail causing her continuous extreme distress and mounting social prosecutions through the MCHHS blacklisting for severe child neglect after the DISTRICT ATTORNEY's dismissal of the underlying criminal case.

135. OWENS parodied his unsanctioned false report that DIOP threatened to kill him with a kitchen knife when he misrepresented the second time that DIOP CALLED 911 against his abuse and assaults that DIOP perpetrated domestic violence against him. In her Civil complaint against OWENS lodged at the MARIN COUNTY SUPERIOR COURT, DIOP forewarned that OWENS's unsanctioned crimes could have deprived her of her freedom swer

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

54

1
2
3
4
5
6
7
8
9

it destabilized her into homelessness. DIOP complained against OWENS's open violation of the CA PC 148.5 predicates to MVPD and received confirmation tha tthe complaint was routed to the DA (EXHIBIT --). DIOP's compilation of multiple counts with supporting inculpatory evidences concerning OWENS's false police report to the Mill Valley Police, to Judge Lynn Duryee, to Recommending Mediator Dr. Gloria Wu fall on deaf ears (EXHIBIT --). The District Attorney failed to take any notice. KAUFFMAN presented within a declaration Re: Safety of Rahman Owens, these crimes to the District Attorney's Officer CHARLES (CHUCK) CACCIARORE. OWENS's abusive acts including his perjury about the kitchen knife violating the CA PC 148.5 predicates. Transcripts of OWENS's judicial admissions excerpted in EXHIBIT are attached hereto (EXHIBIT 89).

10
11

**TAMPERING OF EVIDENCES AND CONCEALMENTS OF COURT RECORDS IN OBSTRUCTION OF JUSTICE**

12
13
14
15
16
17
18
19

136. COUNT 1: FAMILY COURTS SERVICES and MARIN COUNTY SUPERIOR COURTS admittedly purged some of DIOP's family law case to obstruct the ordered audit of the Court file. This breaks the fact-finding process against mediation irregularities especially give not that DIOP's case remained active. DIOP took an active role in testimonials in Sacramento leading to the State ordered audits of the Marin County Superior Court. Few months ago, the record Management informed DIOP that they plan to discard some additional files, even though DIOP's case is active. DIOP's request to take the files remained unanswered and when she physically requested those from the record management, she was advised that the purging had already taken place, feigning that DIOP's email did not make it to them.

20
21

**6. DEMAND FOR RELIEF**
**WHEREFORE DIOPS pray for judgment as follows:**

22
23
24
25
26
27

**EQUITABLE RELIEFS**
DIOP prays for Injunctive and Declaratory or other Equitable Reliefs as may be appropriate, including but not limited to:
(a) attorney fees and expenses as authorized by 42 U.S.C. $1988.
(b) Exoneration from all illegal, Capricious, and Defamatory blacklisting in the Child Abuse Central Index.
(c) Removal from the Child Abuse Central Index Listing
(d) Seal and Destroy all records related to the blacklisting in the Child Abuse Central Index including but not limited to the Department of Justice, Marin County Jail, Marin County Sheriff

28

Emergency request for Disqualification of Defendant Beverly Wood from FL064080; Stay of All Actions pending change of venue outside of Marin County upon filing of third Amended Complaint including other Defendants - CV 12-06332 JSW

55

1   Department, Law Enforcement Telecommunication System, Mill Valley
    Police Reports, Marin County District Attorney, the Marin County
2   Superior Court, The Marin County Health and Human Services, or any
    known place.
3   (e)   Seal and Destroy all records of arrest from Department of
4   Justice, Marin County Jail, Marin County Sheriff Department, Law
    Enforcement Telecommunication System, Mill Valley Police Reports,
5   Marin County District Attorney, the Marin County Superior Court,
    The Marin County Health and Human Services, or any known place.
6

7   **PUNITIVE DAMAGES**

8   The request is based on various abuses and harassments including but
    not limited to Fraud, Malice, Oppression, Abuse of Process,
9   Malicious prosecution, Defamation, Intentional infliction of
    emotional distress, Conspiracy to deprive of civil rights, human
10  rights, rights to peaceful occupancy, freedom from oppression,
11  retaliations, defamations, wrongful interference with parental
    rights to illegally extent fraudulent jurisdiction through false
12  DVTRO, Conflicts of interest, violations of constitutional and
13  statutory due process.

14  DIOP seeks punitive damages for the various wrongs that she endured
    from all Defendants individually and through their respective
15  employers. DIOP requests this relief also as a result of their
    combined efforts to conspire against DIOP, their intentional
16  infliction of emotional distress, malice, oppression, and fraud.
17  1. An award of compensatory damages and interest thereon according
    to proof at trial;
18  2. An award of reasonable costs and expenses incurred in this
    action, including counsel fees and expert fees as allowable under
19  the Title 18, 28, and 42 sections asserted;
20  3. Declaratory, Injunctive, and Prospective Relief as requested
    including injunctive remedies provided under 42 U.S.C. §§ 1983,
21  1988, and 18 U.S.C. §§1964 (a), (c), and (d);
22  4. That The Court exercised its initiative to Order DEFENDANTS be
    restrained as requested in Prospective Relief Count 1 forthwith,
23  and set hearing for extending such Order during the pendency of
    this litigation;
24  5. That a preliminary and permanent injunction be issued enjoining
    Defendants, and any employees, agents, servants, officers,
25  representatives, directors, attorneys,
26  successors, affiliates, assigns, and entities owned or controlled
    by Defendants, and all those in active concert or participation
27  with Defendants, and each of them who receives notice directly or
    otherwise of such injunction from making any further
28

Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW

56

1  misrepresentations as described above; and
2  6. Such other and further relief as the Court may deem just and proper.

3      **7.   DEMAND FOR JURY TRIAL**
4  DIOP hereby demands a jury trial on all issues.

5
6       Respectfully submitted,

7
8  DATED: January 31, 2014

9                                        Your signature
                                         RAMA DIOP
10                                       In Pro Per

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
Emergency request for Disqualification of Defendant Beverly Wood from FL064080;
Stay of All Actions pending change of venue outside of Marin County upon filing
of third Amended Complaint including other Defendants - CV 12-06332 JSW
57

**Do you need help representing yourself in a federal court case?**

**vlsp** | VOLUNTEER LEGAL SERVICES PROGRAM
of The Bar Association of San Francisco

# Legal Help Center

**450 Golden Gate Avenue, 15th Floor, Room 2796
San Francisco, CA  94102**

If you are representing yourself (or are thinking about filing a case) in the San Francisco or Oakland divisions of the United States District Court for the Northern District of California, you may speak with a lawyer at the Legal Help Center. **There is no fee for this service.**  The lawyer can give you:

- information and help you understand the federal court processes and procedures that you need to follow;
- explanations of court orders and other paperwork;
- answers to your legal questions; and
- referrals to appropriate legal, social, and government services.

Help is provided **by appointment only**.  To make an appointment please call (415) 782-9000, extension 8657.

If you do not speak English or have difficulty with English, please bring someone to your appointment who can translate for you.  We can not provide a translator.

If you seek help from the Center, you will still represent yourself. The lawyer at the Center can not be your lawyer.

**To obtain Legal Help Center forms, court forms and other information, please visit the court's web page for people representing themselves in federal court:**

**https://ecf.cand.uscourts.gov/cand/ProSe/home.htm**

EXHIBIT 1

Temp. Revision Sept. 10, 2010

Tuesday 1:30 pm
1-28

## Do you need help representing yourself in federal court?

# Legal Help Center

**450 Golden Gate Avenue, 15th Floor, Room 2796**
**San Francisco, CA 94102**
**&**
**1301 Clay Street, 4th Floor, Room 470 S**
**Oakland, CA 94612**

If you are representing yourself or are thinking about filing a case in the San Francisco or Oakland divisions of the U.S. District Court for the Northern District of California, you may speak with a lawyer at the Legal Help Center. **There is no fee for this service.** The lawyer can give you:

- information and help you understand the federal court processes and procedures that you need to follow;
- explanations of court orders and other paperwork;
- answers to your legal questions; and
- referrals to appropriate legal, social, and government services.

Help is provided **by appointment only**. To make an appointment please call (415) 782-8982 or sign up in the appointment book located outside the Center's San Francisco and Oakland offices.

If you do not speak English or have difficulty with English, please bring someone to translate for you. We cannot provide a translator.

**If you seek help from the Center, <u>you will still represent yourself</u>. The lawyer at the Center can not be your lawyer.**

EXHIBIT 2

Justice & Diversity
CENTER
OF THE BAR ASSOCIATION OF SAN FRANCISCO